ON MOTION FOR REHEARING
BASKIN, Judge.
We deny the motion for rehearing, but substitute this opinion for the opinion released February 12, 1991.
Trustees of the Vizcayan Foundation, Inc., [Foundation] a Florida not-for-profit corporation, appeal a Partial Final Judgment determining that certain amendments to the Foundation’s articles of incorporation are null and void. We reverse.
This appeal is the result of a dispute between two not-for-profit corporations, The Vizcayans and the Foundation.[1] The Foundation was “organized exclusively for the benefit of the Vizcayans ... and to support its activities in encouraging and fostering an active appreciation and patronage of the arts and of Vizcaya as an art museum, including, such purposes, as the making of distributions to or for the use of the Vizcayans.” Art. II, § 1, Articles of Incorporation of The Vizcayan Foundation, Inc. The Vizcayans “encourage and foster an active appreciation and patronage of the arts and of Vizcaya, ... and ... provide for the care, maintenance, support, continuance and success of Vizcaya as an art museum.” Art. II, Charter of the Vizcay-ans. The crux of the dispute is the fact that the Foundation amended its Articles of Incorporation in accordance with the procedure outlined in section 617.017, Florida Statutes (1989),[2] instead of employing the *691 amendment procedure in its articles of incorporation. The latter method requires a majority of the Vizcayans’ board of trustees to approve proposed amendments to the Foundation’s articles. No such approval is required by the statute.
The Vizcayans, and two Foundation trustees on behalf of the Foundation, filed an action against ten trustees of the Foundation seeking, inter alia, to enjoin the Foundation’s trustees from acting pursuant to the newly adopted amendments. The court held a hearing to determine whether “the amendments were enacted pursuant to the applicable provisions of the law,” and ruled that the amendments were null and void. Apparently, the trial court found that the Foundation should have followed the amendment procedure set forth in its Articles of Incorporation.[3]
According to section 617.017(1), “[a]ny corporation which has reincorporated under this chapter may amend its articles of incorporation as provided in its articles of incorporation. Any corporation formed before October 1,1982, which has not reincorporated under this chapter may amend its articles of incorporation by resolution as provided in its bylaws. Amendments to the articles of incorporation of all other corporations shall be made [as set forth in subsections (l)(a) — (4) ].” Sections 617.-017(l)(a) — (3) state the procedure for amending the articles of incorporation of a not-for-profit corporation that does not fall within the two exceptions set forth in subsection 617.017(1). The Foundation contends that it falls within the third sentence of the subsection (1) and is governed by the procedures outlined in that subsection. Appellees, however, argue that the Foundation, a pre-1982 corporation, comes under the exception found in the second sentence of subsection (1) requiring it to amend its articles by resolution as provided in its bylaws.[4]
At the outset, we note that the parties do not contend that the first sentence of section 617.017(1) is applicable. That portion of section 617.017(1) permits a corporation that has reincorporated under chapter 617 to amend its articles of incorporation as provided in the articles. The Foundation has not reincorporated under this chapter. Indeed, it is not eligible to reincorporate: the Foundation is not a chartered corporation. Section 617.012, Florida Statutes (Supp.1982), provides for the reincorporation of a chartered corporation. The second sentence of section 617.- ■ 017(1) specifies that “[a]ny corporation formed before October 1, 1982, which has not reincorporated under this chapter may amend its articles of incorporation by resolution as provided in its bylaws.” The amendment procedure of a chartered corporation is set forth in its bylaws.[5] See § 617.02, Fla.Stat. (1949). The Foundation’s amendment procedure is set forth in its articles of incorporation and not in its bylaws.[6] When the Foundation was incor *692 porated in 1979, section 617.013 required that the articles of incorporation contain the amendment procedure. In construing the statutory scheme, we adhere to “a basic tenet of statutory construction that statutes will not be interpreted so as to yield an absurd result.” Wollard v. Lloyd’s and Companies of Lloyd’s, 439 So.2d 217, 218-219 (Fla.1983). Because the Foundation’s bylaws do not provide the amendment procedure, we conclude that it would be illogical to construe the second sentence of section 617.017(1) as applicable to the Foundation.
The Foundation does not come under the exceptions provided in section 617.-017(1); the third sentence of that section must be applicable to the Foundation. That sentence mandates the amendment procedure for a corporation that does not fall within the exceptions. Thus, the Foundation acted correctly in following the statute’s amendment procedure rather than the procedure provided in its articles. See Gentry-Futch Co. v. Gentry, 90 Fla. 595, 106 So. 473 (1925); Florida Telephone Corp. v. State ex rel. Peninsular Tel. Co., 111 So.2d 677, 679 (Fla. 1st DCA 1959).
Appellees contend that section 617.-017 is inapplicable because it was not in force when the Foundation was incorporated in 1979. They also argue that application of section 617.017 impairs vested contract rights created by the Foundation’s Articles of Incorporation and protected by the Federal and Florida constitutions. U.S. Const. Art. I, § 10, cl. 1; Art. I, § 10, Fla. Const. We disagree. Section 607.411, Florida Statutes (1989),[7] reserves to the Legislature “the power to prescribe such regulations, provisions and limitations as it may deem advisable, which regulations, provisions, and limitations shall be binding upon any and all corporations subject to the provisions of this chapter, and the Legislature shall have the power to amend, repeal, or modify this chapter at pleasure.” Section 607.411 is applicable to chapter 617 corporations. See § 607.007, Fla.Stat. (1975).[8] The reservation of power is part of the corporate “contract,” Aztec Motel, Inc. v. State ex rel. Faircloth, 251 So.2d 849, 852 (Fla.1971) (“[Ojnce a charter is granted a corporation, the charter becomes a contract and the law in force at the time of such a contract enters into it.”), and renders the corporation subject to the provisions of the chapter as amended. See Florida Telephone Corp., Ill So.2d at 679 (corporations are created by statute and are “amenable to all reasonable regulation imposed by statute.”). Any interest in the amendment procedure created by the Foundation’s articles is subject to change in the event the legislature imposes reasonable regulations.
We therefore conclude that the trial court erred in voiding the Foundation’s amendments to its Articles of Incorporation; we reverse the partial final judgment and remand for further proceedings.
Reversed and remanded.

. The Vizcayans was formed in 1957; the Vizcayan Foundation, Inc., was formed in 1979.

. Chapter 617, Florida Not For Profit Corporation Act, governs the Foundation. In 1982, the legislature enacted section 617.017, Ch. 82-177, § 12, Laws of Fla., to replace section 617.02 (repealed Ch. 82-177, § 21, Laws of Fla.), which provided that "[a]ny corporation reincorporated hereunder may amend its articles of incorporation as provided in the articles. Any corporation heretofore incorporated hereunder which has not reincorporated under s. 617.012, may amend its charter by resolution as provided in the bylaws.” The legislature amended section 617.017 in 1990. Ch. 90-151, § 21, Laws of Fla. Subsequently, the legislature repealed section 617.017, Ch. 90-179, § 128, Laws of Fla., and enacted section 617.1002. Ch. 90-179, § 64, *691 Laws of Fla. Section 617.1002, Florida Statutes (Supp.1990), was subsequently amended. Ch. 91-208, § 27, Laws of Fla.

. We decline to consider other issues raised; the trial court did not rule on those issues, and therefore, review would be premature.

. The bylaws are silent on the subject of amending the articles of incorporation.

. Section 617.01, Florida Statutes (1949), governed the authority and manner of incorporating a not-for-profit corporation. That section provided that the incorporators must present a proposed charter to a circuit court judge. A chartered corporation was permitted to amend its charter by resolution as provided in the bylaws. § 617.02, Fla.Stat. (1949).

. The legislature amended section 617.01, Florida Statutes (1949), deleting the charter requirement, § 617.01, Fla.Stat. (1959), and requiring incorporators to follow the procedure set forth in section 617.013, Florida Statutes (1959). Furthermore, section 617.013(2)0) states, in pertinent part, that the articles of incorporation shall contain "by whom and in what manner amendments to the articles of incorporation may be proposed and adopted.” The legislature also enacted section 617.012, Florida Statutes (1959), which permitted a chartered corporation to reincorporate by filing, inter alia, "a certificate containing the provisions required in original articles of incorporation by § 617.013 and accepting the provisions of this chapter as amended.” The legislature required that a reincorporated chartered corporation, § 617.012, Fla.Stat. (1959), and a corporation formed after September 1, 1959, but before October 1, 1982, set forth the amendment procedure in its articles of incorporation. § 617.013(2)0), Fla.Stat. (Supp. 1982).

. Section 607.411, Florida Statutes (1989), adopted in 1975, was repealed by chapter 89-154, section 166, Laws of Florida, and replaced with section 607.0102, Florida Statutes (1989).

. Section 607.007, Florida Statutes (1975), was repealed by chapter 89-154, section 166, Laws of Florida, and replaced with section 607.0301, Florida Statutes (1989).