On Motion for Rehearing

COPE, Judge.
On consideration of appellee’s motion for rehearing we withdraw the opinion dated February 22, 1994, and substitute the following opinion in its stead:
Zoila Puig appeals a final judgment awarding attorney’s fees to appellee Pasteur Health Plan, Inc. We reverse.
Puig is a member of Pasteur Health Plan, Inc., a health maintenance organization (“HMO” or “Pasteur”). Puig underwent surgery. The HMO disputed its obligation to pay. The HMO agreed to pay approximately 30 percent of the $10,816 bill, but refused to pay the remainder.
The Pasteur Health Plan contract provides in part:
14.1 Submission of Grievance. Any Member who has a grievance against Health Plan for any matter arising out of this Agreement or Covered Services rendered hereunder may submit a written statement of the grievance to Health Plan....
[[Image here]]
14.4 Appeal of Decision. If the Member is dissatisfied with the decision of the Grievance Committee, the Member may request reconsideration by the Committee and may request a personal appearance before the Committee.... In addition, a Member may appeal a decision of the *102 Grievance Committee to the State of Florida, Department of Insurance, The Capitol, Tallahassee, Florida 32301.
14.5 Claims or Suits. No Member may bring an action in court against Health Plan unless and until all grievance procedures made available by Health Plan have first been exhausted.
Puig submitted a grievance, which was denied.
After the denial, Puig brought suit against the HMO. In the meantime, she also appealed the Grievance Committee decision to the Florida Department of Insurance. See generally §§ 408.7056, 641.31, 641.511, Fla.Stat. (1993); Fla.Admin.Code, R. 4-191.078. The HMO moved to dismiss on the basis that Puig had failed to exhaust her administrative remedies. No further action occurred in the lawsuit while the administrative appeal was being considered by the Department of Insurance.
The Department of Insurance ruled that the HMO should pay the full cost of the surgery.[1] Upon receiving that ruling, Puig voluntarily dismissed the lawsuit without prejudice. The dismissal without prejudice would, of course, allow Puig to refile in the event that the HMO did not pay.[2]
The HMO moved for attorney’s fees.[3] The HMO statute provides, in part, “[i]n any civil action brought to enforce the terms and conditions of a health maintenance organization contract, the prevailing party is entitled to recover reasonable attorney’s fees and court costs.” § 641.28, Fla.Stat. (1993). The HMO argued that the civil lawsuit never should have been filed, and contended that Puig had failed to exhaust administrative remedies.[4] Although Puig had submitted a grievance and the grievance had been denied, Puig then filed her civil lawsuit prior to the completion of her administrative appeal before the Department of Insurance. Since Puig obtained no relief in the civil action and voluntarily dismissed it, the HMO argued that it was the prevailing party for purposes of the civil action and was entitled to an award of attorney’s fees. The trial court agreed and awarded attorney’s fees to the HMO.
We reverse on authority of Wilson v. Rose Printing Co., 624 So.2d 257 (Fla.1993), which was issued subsequent to the ruling below. In Wilson, as in the present ease, there was a voluntary dismissal of a civil lawsuit. There, as here, there was no adjudication on the merits by the trial court; thus, “on the merits no prevailing party could be determined.” Id. at 258. The Florida Supreme Court stated the analysis as follows:
Rule 1.420(d) is unambiguous — costs are to be assessed in the action that is the subject of the voluntary dismissal:
Costs in any action dismissed under this rule shall be assessed and judgment for costs entered in that action. If a party who has once dismissed a claim in any court of this state commences an action based upon or including the same claim against the same adverse party, the *103 court shall make such order for the payment of costs of the claim previously dismissed as it may deem proper and shall stay the proceedings in the action until the party seeking affirmative relief has complied with the order.
Fla.R.Civ.P. 1.420(d)....
Further, this Court has consistently held that where a statute or agreement of the parties provides that the term “costs” includes attorneys’ fees such fees are taxable under rule 1.420(d).... The present employment agreement is unambiguous:
In connection with any litigation arising out of this agreement the prevailing party shall be entitled to recover all costs incurred, including reasonable attorney’s fees for such litigation and any subsequent appeals.
The parties thus agreed that “costs ... includ[e] reasonable attorney’s fees” for any litigation arising out of the agreement. That no prevailing party has been determined is irrelevant to our inquiry since it is rule 1.420(d), not the employment agreement, that entitles Rose to seek costs here. We look to the agreement merely to define costs, not to determine the circumstances under which costs may be awarded.
624 So.2d at 258.
In the present case, like Wilson, there has been no adjudication on the merits. There is therefore no prevailing party for purposes of an award of attorney’s fees under section 641.28, Florida Statutes (1993). The remaining question is whether section 641.28 defines costs to include attorney’s fees, so that attorney’s fees would be assessed as part of a cost award under Rule 1.420. Under section 641.28, Florida Statutes, costs are not defined so as to include attorney’s fees. Accordingly, the HMO was not entitled to attorney’s fees.
The attorney’s fee judgment is
Reversed.[5]

. In the trial court the HMO complained that Puig had failed to pursue her administrative remedy with the Department of Insurance. When the claim was presented in the Department of Insurance, however, the HMO took the opposite position. "Pasteur did not participate in the administrative process because, with the lawsuit pending, it did not wish to litigate Puig's claim simultaneously in two forums.... Pasteur also questioned whether the administrative finding in Puig's favor carried the force of law or was merely a recommendation." Pasteur Motion for Rehearing [filed in this court], at 2 n. 1.

. Pasteur's motion for rehearing filed in this court makes clear that Pasteur has not paid. Id.

. In the presuit correspondence the HMO made clear that it would seek attorney's fees under the HMO statute [§ 641.28, Florida Statutes,] in the event that Puig filed a lawsuit and the HMO was the prevailing party. The case was voluntarily dismissed prior to the HMO's filing an answer, and consequently there was never an occasion on which the HMO was required to file a pleading in which it could assert the claim for attorney's fees. Since the presuit correspondence adequately informed Puig of the HMO’s position on attorney's fees, we think the circumstances bring the case within the exception recognized in Stockman v. Downs, 573 So.2d 835, 838 (Fla.1991).

.Given the HMO's refusal to participate in the Department of Insurance proceeding, see supra note 1, it could be argued that the HMO is estopped from asserting that there was a failure to exhaust remedies. For present purposes we need not explore that issue.

. The motion for rehearing, clarification, and certification is denied.