707 So.2d 785 (1998)
O.A.G. CORPORATION d/b/a La Casa Criolla and Georgina Messir, Appellants,
v.
BRITAMCO UNDERWRITERS, INC., Appellee.
No. 97-1208.
District Court of Appeal of Florida, Third District.
January 14, 1998.
Rehearing Denied March 25, 1998.
Manuel Vega, Jr., Coral Gables; Lauri Waldman Ross, Miami, for appellants.
*786 Fertig and Gramling, and Raissa I. Rouse, Fort Lauderdale, for appellee.
Before SCHWARTZ, C.J., and GERSTEN and SHEVIN, JJ.
GERSTEN, Judge.
Appellants, O.A.G. Corporation d/b/a La Casa Criolla and Georgina Messir (hereafter collectively referred to as "insureds"), appeal an order entered after a voluntary dismissal by appellee, Britamco Underwriters, Inc. ("Britamco"), which granted costs but denied attorney's fees. We treat this appeal as a petition for certiorari and deny.
Britamco is a liability insurance carrier which provided insurance to the insureds. Britamco filed a complaint against the insureds in March of 1995 seeking a determination of no coverage in a personal injury action. The complaint was later amended to add tort claims against the insureds for fraud and rescission.
Thereafter, Britamco took a voluntary dismissal without prejudice. Three days after the dismissal, Britamco refiled its action as a simple declaratory judgment action, withdrawing the prior tort claims.
The insureds responded by serving motions for attorney's fees and costs, citing Section 627.428, Florida Statutes (1997), and Florida Rule of Civil Procedure 1.420(d). Britamco did not dispute the insureds' entitlement to costs, but claimed the insureds were not prevailing parties and thus not entitled to attorney's fees. The trial court agreed, and granted the insureds costs but denied their request for attorney's fees. The insureds then filed this appeal.
First, as a procedural matter, an order denying attorney's fees is non-final and thus not reviewable on direct appeal. See Sholkoff v. Boca Raton Community Hosp. Inc., 693 So.2d 1114 (Fla. 4th DCA 1997). The proper method to obtain review of orders awarding or denying costs and fees after a voluntary dismissal is by petition of certiorari. See Chatlos v. City of Hallandale, 220 So.2d 353 (Fla.1968). We therefore treat this appeal as a petition for certiorari.
Turning our attention to the merits, Rule 1.420(d) provides for the assessment of "costs" in an action that has been voluntarily dismissed. However, Rule 1.420(d) does not contemplate the assessment of attorney's fees, and the term "costs" is not generally understood to include attorney's fees absent an express contractual provision or statute. See Wilson v. Rose Printing Co., Inc., 624 So.2d 257 (Fla.1993); Puig v. Pasteur Health Plan, Inc., 640 So.2d 101 (Fla. 3d DCA 1994).
Because here there is no agreement providing for attorney's fees, the insureds argue such fees are awardable under Section 627.428. Section 627.428 provides for an award of attorney's fees to an insured or beneficiary who prevails and states specifically that:
(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.
§ 627.428(1), Florida Statutes (1995)(emphasis added).
The purpose of the statute is "to discourage insurers from contesting valid claims and to reimburse successful policy holders forced to sue to enforce their policies." Danis Indus. Corp v. Ground Improvement Techniques, Inc., 645 So.2d 420, 421 (Fla.1994). An insurer's good faith in bringing suit is irrelevant. The insurer must pay attorney's fees if the controversy is within the scope of Section 627.428 and the insurer loses. See Ins. Co. of North America v. Lexow, 602 So.2d 528 (Fla.1992).
The question here is whether an insured is entitled to prevailing party attorney fees under Section § 627.428, where the insurer voluntarily dismisses its coverage action without prejudice and thereafter refiles a simplified complaint for declaratory judgment. In other *787 words, does Britamco's voluntary dismissal without prejudice constitute the functional equivalent of a judgment in favor of the insureds?
The insurer's dismissal was without prejudice and thus did not constitute an adjudication on the merits.[1] Fla.R.Civ.P. 1.420(a)(1). There is therefore no prevailing party for purposes of an award of attorney's fees under Section 627.428. See Puig v. Pasteur Health Plan, Inc., 640 So.2d at 101.
We are not persuaded by the insureds' argument that the case of Wollard v. Lloyd's and Companies of Lloyd's, 439 So.2d 217 (Fla. 1983), compels a different result. In Wollard, the Supreme Court of Florida interpreted Section 627.428 as allowing attorney's fees where an insurer ultimately makes payment on an insurance claim. The court stated "the payment of the claim is, indeed, the functional equivalent of a confession of judgment or a verdict in favor of the Insured." See Wollard v. Lloyd's and Companies of Lloyd's, 439 So.2d at 218.
Wollard stands for the proposition that once an insurer agrees to settle a disputed case, the settlement furnishes the basis for an award of attorney's fees to the insured. As previously stated by this Court:
The issue of awarding attorney's fees under section 627.428, Florida Statutes, has been litigated and is now well settled in the State of Florida. Where an insurer has agreed to settle a disputed case, it has, in effect declined to defend its position in the pending suit. The insurer's payment of the claim has been deemed the functional equivalent of a confession of judgment or a verdict in favor of the insured. Such settlement furnishes the basis for an award of attorney's fees to the insured. Wollard v. Lloyd's and Companies of Lloyd's, 439 So.2d 217 (Fla.1983); Fortune Insurance Company v. Brito, 522 So.2d 1028 (Fla. 3d DCA 1988).
Avila v. Latin American Prop. & Cas. Ins. Co., 548 So.2d 894, 894-95 (Fla. 3d DCA 1989). See U.S. Fidelity & Guaranty Co. v. Rosado, 606 So.2d 628 (Fla. 3d DCA 1992); Losicco v. Aetna Cas. and Sur. Co., 588 So.2d 681 (Fla. 3d DCA 1991); Hopkins v. The Vizcayans, 582 So.2d 689 (Fla. 3d DCA), review denied, 592 So.2d 683 (Fla.1991). The Wollard doctrine does not apply because Britamco did not decline to defend its position regarding coverageit has not offered to settle or pay the claim.
Under Section 627.428, an insured must obtain some form of recovery due to the voluntary dismissal to be considered a prevailing party for attorney's fees. See Danis Industries Corp. v. Ground Improvement Techniques, Inc., 645 So.2d at 420; Baker Protective Services v. FP Inc., 659 So.2d 1120 (Fla. 3d DCA 1995), review denied, 669 So.2d 250 (Fla.1996); Fortune Ins. Co. v. Cardoso, 592 So.2d 1245 (Fla. 3d DCA 1992). In this case, the insureds recovered nothing from Britamco's voluntary dismissal.[2]
Simply, the insureds are prematurely seeking attorney's fees prior to a determination regarding coverage in their favor and/or payment of the claim. The litigation has neither concluded nor has Britamco conceded on the merits. Should the insureds eventually prevail in court, or should Britamco at a later date decide to settle the case, then the insureds will be entitled to recover reasonable attorney's fees. See FIGA v. R.V.M.P. Corp., 681 F.Supp. 806 (S.D.Fla.1988).
However, we hold that an insurer's voluntary dismissal without prejudice does not *788 entitle the insured to attorney's fees, as well as costs, pursuant to Section 627.428 and Rule 1.420(d). Because we find the insureds cannot be considered as prevailing parties under these circumstances, the trial court did not depart from the essential requirements of the law in denying attorney's fees. See Danis Industries Corp. v. Ground Improvement Techniques, Inc., 645 So.2d at 420; Baker Protective Services v. FP Inc., 659 So.2d at 1120; Fortune Ins. Co. v. Cardoso, 592 So.2d 1245. Accordingly, certiorari is denied.
Certiorari denied.
SHEVIN, J., concurs.
SCHWARTZ, C.J., dissents.
SCHWARTZ, Chief Judge (dissenting).
On the authority of what I believe to be the closely analogous and conceptually indistinguishable case of Wollard v. Lloyd's and Companies of Lloyd's, 439 So.2d 217 (Fla. 1983), I would grant certiorari. In my view, the majority is simply wrong in concluding that the voluntary dismissal effected by the insurance company does not constitute a "judgment" in favor of the defendant insured. While it is true that the adjudication is without prejudice to the filing of another action which in fact need never be filedthis is irrelevant to the ultimate conclusion that the voluntary dismissal of the plaintiff's case unquestionably means that the defendant has "won" that piece of litigation. See Gries Inv. Co. v. Chelton, 388 So.2d 1281 (Fla. 3d DCA 1980)(judgment is "final" even if without prejudice to another action); Capital Bank v. Knuck, 537 So.2d 697 (Fla. 3d DCA 1989)(same); Derma Lift Salon, Inc. v. Swanko, 419 So.2d 1180 (Fla. 3d DCA 1982)(same); Orange Motors of Coral Gables, Inc. v. Rueben H. Donnelley Corp., 415 So.2d 892 (Fla. 3d DCA 1982)(same). In my opinion, when the plaintiff in this scenario is an insurance company seeking a determination of no coverage and the thus successful defendant is a putative insured, section 627.428, Florida Statutes (1997), mandates the assessment of attorneys fees.
NOTES
[1] Such a dismissal is not the functional equivalent of a confession of judgment or verdict because the plaintiff retains the right to refile the complaint. See Fla.R.Civ.P. 1.420(a); Wollard v. Lloyd's and Companies of Lloyd's, 439 So.2d 217 (Fla.1983). Only a second dismissal based on or including the same claim will operate as an adjudication on the merits. Fla.R.Civ.P. 1.420(a)(1).
[2] Even if we follow the dissent's reasoning and maintain that the insureds somehow prevailed by the voluntary dismissal, they are still not entitled to fees. Section 627.428(1) requires the insureds to obtain a judgment greater than any offer of settlement previously tendered by the insurer in order to be a prevailing party. See Baker Protective Services v. FP Inc., 659 So.2d at 1120. "Absent that, the insured or beneficiary is entitled to no fee award." Danis Industries Corp. v. Ground Improvement Techniques, Inc., 645 So.2d at 421. Here, Britamco offered nothing, and the insureds recovered nothing. Thus, the insureds cannot be entitled to fees.