PER CURIAM.
Appellant challenges the judgment awarding attorney’s fees and costs to Ap-pellee, pursuant to section 627.428, Florida Statutes (2006), after Appellant voluntarily dismissed (without prejudice) its action for unpaid premiums. Because the voluntary dismissal was neither a judgment nor the functional equivalent of a confession of judgment — a precondition to an award under section 627.428 — we reverse.
Appellant filed a one-count breach of contract complaint against Appellee for alleged failure to pay additional premiums owed under a worker’s compensation policy. Although Appellant attached the original policy to its complaint, it failed to attach the policy renewals. The lower court, upon Appellee’s motion, entered an order dismissing the complaint for failure to attach the policy renewals, and affording Appellant twenty days to file an amended complaint. Before the time period to file the amendment lapsed, Appellant filed a notice of voluntary dismissal without prejudice. Appellee then filed a motion for attorney’s fees and costs pursuant to section 627.428, Florida Statutes (2006),[1] which provides:
(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured’s or beneficiary’s attorney prosecuting the suit in which the recovery is had.
Despite Appellant’s assertion that section 627.428 did not apply because there was no “rendition of a judgment or decree” entered against it, the lower court entered an order awarding Appellee attorney’s fees and costs.
*1235 Appellant relies solely upon O.A.G. Corporation v. Britamco Underwriters, Inc., 707 So.2d 785 (Fla. 3d DCA 1998), abrogated on other grounds by Canfield v. Cantele, 837 So.2d 371 (Fla.2002), to demonstrate that its voluntary dismissal without prejudice does not constitute a judgment or decree. There, the insurer filed a complaint against the insureds seeking a determination of no coverage in a personal injury action. The insurer voluntarily dismissed without prejudice, and, three days later, refiled the action. Id. at 786. The insureds responded by filing a motion for attorney’s fees as the prevailing parties of the original action pursuant to section 627.428. The trial court denied the motion upon a finding that the insureds were not prevailing parties. Id. On appeal, our sister court concluded that because the dismissal was without prejudice to refile another action, it did not constitute an adjudication on the merits. Id. Therefore, it was not a judgment, or the functional equivalent of a confession of judgment, and the insureds were not entitled to attorney’s- fees and costs pursuant to section 627.428. Id. at 787.
Appellee urges this Court to hold otherwise. It relies upon Wollard v. Lloyd’s & Companies of Lloyd’s, 439 So.2d 217 (Fla.1983), to argue that Appellant’s voluntary dismissal was the “functional equivalent” of a judgment.[2] In Wollard, an insured filed suit against his insurer after the insurer denied coverage of his claim. On the eve of trial, the parties reached a settlement, but submitted the issue of attorney’s fees to the court. The court awarded attorney’s fees to the insured pursuant to section 627.428. Id. at 218. The Third District reversed, ruling that a negotiated settlement does not entitle the insured to fees. Id. (citing Lloyd’s & Cos. of Lloyd’s v. Wollard, 420 So.2d 940, 941 (Fla. 3d DCA 1982)). The Florida Supreme Court quashed the Third District’s holding, stating:
When the insurance company has agreed to settle a disputed case, it has, in effect, declined to defend its position in the pending suit. Thus, the payment of the claim is, indeed, the functional equivalent of a confession of judgment or a verdict in favor of the insured. Requiring the plaintiff to continue litigation in spite of an acceptable offer of settlement merely to avoid having to offset attorney’s fees against compensation for the loss puts an unnecessary burden on the judicial system, fails to protect any interest — the insured’s, the insurer’s or the public’s — and discourages any attempt at settlement.
Id. (emphasis supplied).
We think O.A.G. was correct and governs here. This case is distinguishable from Wollard. Here, Appellant did not make a concession on the merits. Rather, it merely dismissed without prejudice to refile its lawsuit. The fact that it had not refiled suit prior to the date on which the motion for fees was filed is of no consequence. Legal entitlement to fees must be based upon the events preceding the filing of the motion.
REVERSED.
TORPY, LAWSON and COHEN, JJ., concur.

. Appellee argues entitlement to costs only pursuant to section 627.428. Accordingly, we address only Appellee's entitlement to costs under that statutory provision.

. Appellee makes the alternative argument that the order of dismissal is a "decree." We reject this contention. A "decree" is the counterpart to a judgment entered in a court of equity. Black’s Law Dictionary (9th ed. 2009); see also Henry P. Trawick, Jr., Trawick’s Fla. Prac. & Proc. § 25:1 (2011 ed.) (“With the consolidation of law and chancery procedure, the term decree, formerly used in equity, became obsolete.”).