LAGOA, J.
The Appellant, Kook C. Do (“Do”), appeals from an order denying his renewed motion for attorney’s fees and costs. For the following reasons, we affirm in part and reverse in part.
I. FACTUAL AND PROCEDURAL HISTORY
On May 21, 2007, Officer Curtis Stone, a law enforcement park ranger for the U.S. Fish and Wildlife Services, discovered Do’s leased silver Audi A8 partially submerged in a canal in a restricted area of the Loxa-hatchee National Wildlife Refuge. Officer Stone observed two men, Marcos Franca and Douglas Capisch, at the scene. Officer Stone, along with Officer Biagiotti from the Palm Beach County Sheriffs Office, detained both men and questioned them about the partially submerged Audi. Because the vehicle had not been reported missing, Franca and Capisch were charged with illegal dumping.
Do, the owner of the Audi, reported the theft of his vehicle to his auto insurer,[1] the Appellee, GEICO General Insurance Company (“GEICO”). Do submitted a claim under his policy, which GEICO did not pay.
On October 23, 2007, Do filed a Complaint against GEICO for breach of contract. In its answer, GEICO alleged that coverage was not afforded under the policy because the loss of the Audi was not “accidental” and that Do was complicit in the theft of his own vehicle.
On September 24, 2008, GEICO made a payment of $44,242.18 to the vehicle lien-holder named in Do’s policy, Audi Bank USA. A representative for GEICO testified in a deposition that the payment was *1042 made under the policy,[2] and represented the pre-loss value of the Audi, plus sales tax, minus Do’s policy deductible. Upon learning of GEICO’s payment, Do filed a motion for attorney’s fees and costs arguing that, pursuant to Wollard v. Lloyd’s & Cos. of Lloyd’s, 439 So.2d 217 (Fla.1983), the payment made by GEICO to the lien-holder was the functional equivalent of a confession of judgment, and that Do therefore was entitled to attorney’s fees and costs under section 627.428, Florida Statutes (2008).
Two months later, the trial court permitted GEICO to file an Amended Answer and Counterclaims to Do’s Complaint, asserting for the first time the following five counterclaims against Do: (1) civil conspiracy; (2) unjust enrichment; (3) fraudulent misrepresentation; (4) fraud in the inducement; and (5) civil RICO violations.
The trial court subsequently held a hearing on Do’s motion for attorney’s fees and costs, and denied the motion. Do appealed the denial to this Court, and GEICO filed a motion to dismiss the appeal as premature, as its counterclaims remained pending below. On February 22, 2010, this Court dismissed Do’s appeal for lack of jurisdiction.
On June 13, 2011, GEICO filed before the trial court a motion to dismiss the case for lack of prosecution because there had been no record activity for one year. On June 21, 2011, Do also filed a motion to dismiss for lack of prosecution, agreeing that the case should be dismissed because there had been no record activity on the only remaining claims — GEICO’s counterclaims. The trial court subsequently entered an order granting both motions on July 13, 2011.
On July 15, 2011, Do filed a renewed motion for attorney’s fees and costs, asserting that under section 627.428 he was entitled to fees for prosecuting his claim, and for defending the now dismissed counterclaims. The trial court denied the renewed motion, and this appeal ensued.
II. STANDARD OF REVIEW
The proper standard of review for a lower court’s ruling on a party’s entitlement to an award of attorney’s fees pursuant to section 627.428, is de novo. See Jerkins v. USF & G Specialty Ins. Co., 982 So.2d 15 (Fla. 5th DCA 2008).
III. ANALYSIS
“The issue of awarding attorney’s fees under section 627.428, Florida Statutes, has been litigated and is now well settled in the State of Florida.” Avila v. Latin Am. Prop. & Cas. Ins. Co., 548 So.2d 894, 894 (Fla. 3d DCA 1989). Section 627.428 provides, in relevant part:
(1) Upon rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured’s or beneficiary’s attorney prosecuting the suit in which the recovery is had.
§ 627.428(1), Fla. Stat. (2008).
“Section 627.428 was intended ‘to discourage the contesting of valid claims *1043 against insurance companies and to reimburse successful insureds for their attorney’s fees when they are compelled to defend or sue to enforce their insurance contracts.’ ” Progressive Express Ins. Co. v. Schultz, 948 So.2d 1027, 1029-30 (Fla. 5th DCA 2007) (quoting Ins. Co. of N. Am. v. Lexow, 602 So.2d 528, 531 (Fla.1992)). To that end, the Florida Supreme Court held in Wollard v. Lloyd’s & Cos. of Lloyd's, 439 So.2d 217, 218 (Fla.1983), that, although the statute requires the “rendition of a judgment” in favor of the insured, where an insurer pays the policy proceeds after a suit has been filed but before a judgment has been rendered, “the payment of the claim is, indeed, the functional equivalent of a confession of judgment or a verdict in favor of the insured.” Id. (emphasis added); accord Augustin v. Health Options of S. Fla., Inc., 580 So.2d 314, 315 (Fla. 3d DCA 1991); Amador v. Latin Am. Prop. & Cas. Ins. Co., 552 So.2d 1132,1133 (Fla. 3d DCA 1989); Avila, 548 So.2d at 894-95; Fortune Ins. Co. v. Brito, 522 So.2d 1028,1029 (Fla. 3d DCA 1988).
As a result, when an insurer voluntarily pays the disputed loss after suit is filed, “ ‘[section 627.428] must be construed to authorize the award of an attorney’s fee to an insured ... even though technically no judgment for the loss claimed is thereafter entered favorable to the insured.’ ” Wollard, 439 So.2d at 218 (quoting Cincinati Ins. Co. v. Palmer, 297 So.2d 96, 99 (Fla. 4th DCA 1974)); see also Ajmechet v. United Auto. Ins. Co., 790 So.2d 575, 576 (Fla. 3d DCA 2001) (holding that the insured was entitled to fees under section 627.428 “[b]ecause the payment was obviously effected by the law suit”).
Because section 627.428 was intended to discourage litigation and encourage prompt settlement, the Florida Supreme Court in Wollard refused to “[r]equir[e] the plaintiff to continue litigation in spite of an acceptable offer of settlement merely to avoid having to offset attorney’s fees against compensation for the loss.” 439 So.2d at 218. Thus, when insureds are compelled to sue in order to enforce their insurance contracts, insurers cannot escape liability for attorney’s fees under section 627.428 “simply by paying the policy proceeds after suit is filed but before a judgment is actually entered because to so construe the statute would do violence to its purpose, which is to discourage litigation and encourage prompt disposition of valid insurance claims without litigation.” Id. (quoting Gibson v. Walker, 380 So.2d 531, 533 (Fla. 5th DCA 1980)).
To avoid this, GEICO argues that the payment was not a confession of judgment, but rather, represented the “purchase price” it paid to the lienholder in order to preserve the Audi for evidence in its counterclaims. We find this argument without merit.
First, GEICO’s payment to the vehicle lienholder was made on September 24, 2008, after litigation was initiated but before GEICO asserted its counterclaims against Do. In fact, GEICO did not file its counterclaims until two months after Do filed his motion for attorney’s fees and costs based on GEICO’s alleged confession of judgment. Second, we question how the counterclaims asserted by GEICO would require the Audi as physical evidence, especially since GEICO’s representative also testified that prior to “purchasing” the Audi to support its counterclaims, it tried to return the car to the dealership, which would not take it.
Additionally, even if this Court were persuaded by GEICO’s argument that the $44,262.18 payment was to “purchase” the Audi, there is no requirement that an insurer must intend to confess judgment in *1044 order for it to occur — the sole fact that the claim was paid, without more, constitutes a settlement or judgment within the meaning of section 627.428. See Avila, 548 So.2d at 895.
In Avila, this Court was asked to determine whether there had been a confession of judgment in an action where an insurer allegedly made payment of a claim prior to the action being dismissed. In reversing the denial of attorney’s fees to the insured, this Court indicated that the analysis of the issue was simple: “[ejither the check was issued or it was not.” 548 So.2d at 895. This Court remanded the action for findings as to whether a check was issued by the insurer before the dismissal, emphasizing, “[i]f so, then the payment constituted a settlement, and attorney’s fees are mandatory.” Id. Thus, GEICO’s argument regarding its contended purpose for making the $44,262.18 payment is without merit.
Moreover, GEICO’s payment to the lien-holder was in accordance with the terms of the policy’s loss payable endorsement, which provides that any claim under thé physical damage coverages may be settled by separate payment to the lienholder. This fact was affirmed by a representative for GEICO, who testified in a deposition that the payment was made to the lien-holder as an additional insured under the policy. The representative further clarified that the amount paid, $44,262.18, represented the cash value of the Audi, plus tax, minus Do’s deductible under the policy. Accordingly, we conclude that GEICO confessed judgment when it voluntarily paid the vehicle lienholder under the policy after Do brought suit and that this payment entitled Do to attorney’s fees under section 627.428.
Lastly, Do also argues that section 627.428 entitles him to attorney’s fees for time spent defending GEICO’s counterclaims, which were filed after it paid the lienholder. Although Do is entitled to attorney’s fees under section 627.428 for time spent prosecuting his suit, Do’s claim for fees to include work related to GEI-CO’s counterclaims is without merit. Section 627.428 requires an insurer to pay attorney’s fees only upon rendition of a “judgment or decree” in favor of the insured. Here, the trial court on July 13, 2011, dismissed the case for lack of prosecution.[3] Although Wollard requires GEI-CO’s earlier payment to be treated as the functional equivalent of a confession of judgment in Do’s favor, the trial court’s later dismissal for lack of prosecution was not a determination on the merits. See JB Inti, Inc. v. Mega Flight, Inc., 840 So.2d 1147, 1150 (Fla. 5th DCA 2003); Sacks v. Rickles, 155 So.2d 400, 401 (Fla. 3d DCA 1963). Because the order of dismissal was not a judgment in favor of the insured, or, under the circumstances of this case, its functional equivalent, we affirm the trial court’s order denying Do’s motion for fees and costs with respect to the counterclaims. See Guarantee Ins. Co. v. Worker’s Temporary Staffing, Inc., 61 So.3d 1233,1235 (Fla. 5th DCA 2011) (concluding that insurer’s voluntary dismissal without *1045 prejudice was not concession on the merits and therefore not a judgment or functional equivalent of a confession of judgment under section 627.428); O.A.G. Corp. v. Britanico Underwriters, Inc., 707 So.2d 785, 787 (Fla. 3d DCA 1998), abrogated on other grounds by Caufield v. Cantele, 837 So.2d 371 (Fla.2002) (holding that insurer’s voluntary dismissal did not constitute an adjudication on the merits and therefore was not a judgment or the functional equivalent of a confession of judgment under section 627.428).
IV. CONCLUSION
Because GEICO’s payment of the claim to the vehicle lienholder after Do filed suit against it was the functional equivalent of a confession of judgment in favor of Do, the trial court erred in denying an award of attorney’s fees to Do for prosecuting his suit pursuant to section 627.428.
Do, however, is not entitled to additional fees for time spent defending GEICO’s counterclaims because the order granting the motions to dismiss for failure to prosecute was not a judgment, or the functional equivalent of a judgment, in Do’s favor. The order on appeal is therefore affirmed in part, reversed in part and remanded to the trial court for determination of the amount of the fees.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

. Do alleged in his complaint that he reported his Audi stolen on May 19, 2007 — two days before the car was recovered on May 21. GEICO, however, claims that Do reported the Audi missing on May 21, 2007.

. The policy contains a loss payable endorsement that provides that any claim under the physical damage coverages of the policy "will be paid jointly to the insured and the Lien-holder,” and that GEICO may settle a claim at its option by separate payment to the insured and the lienholder.

. A dismissal for lack of prosecution operates to dismiss the entire action, and not isolated claims or counterclaims. Leon v. Old Republic Ins. Co., 561 So.2d 1304 (Fla. 3d DCA 1990). Here, however, no part of Do's case remained pending after GEICO made payment. As Do argued in his motion to dismiss for lack of prosecution, after GEICO paid the lienholder, there remained nothing left for Do to prosecute on his claim other than the assessment of fees and costs against GEICO. GEICO, however, contested Do's entitlement to fees under section 627.428, and then filed several counterclaims against Do. The trial court denied Do’s motion for fees pending resolution of the counterclaims. When GEI-CO failed to take any action, Do moved to dismiss for lack of prosecution.