SCALES, J.
(dissenting)
I respectfully dissent. The language of rule 1.540(b)(4) of the Florida Rules of Civil Procedure is clear and unambiguous. In the absence of ambiguity or of other doubt as to meaning, I would not apply this Court’s interpretive power of statutory construction to create a new definition for the term “judgment or decree” in rule 1.540(b)(4). I concur, however, in the en banc majority’s referral of this matter to the Florida Bar’s Civil Procedure Rules Committee.
I. Facts
It is telling that the majority opinion scuttles over the facts as if they were hot coals. See majority opinion at 1. The facts reveal a litigant — the Bank — who was neither attentive to its own case nor diligent in the simplest matters of pursuing it. While I vigorously agree that due process requires fair notice, I view the Bank as bearing a good measure of responsibility for the muddle here. But for virtually abandoning its ease, the Bank would have discovered the clerical error at the heart of the notice problem and timely moved to vacate the subject order under rule 1.540(b)(1). In my view, this case is simply not one that warrants a judicial rewrite of rule 1.540(b).
In 2008, the Bank filed a foreclosure action against De La Osa, seeking to foreclose on De La Osa’s condominium, located in Miami-Dade County. On May 19, 2011, the trial court entered an order dismissing the Bank’s case without prejudice because the Bank failed to appear at the trial scheduled for that day (the “2011 Dismissal Order”).
On July 19, 2013, more than two years later and more than five years after filing its complaint, the Bank, citing rule 1.540(b)(4), filed a motion seeking to vacate the trial court’s 2011 Dismissal Order. The Bank appears to have lost track of its case and, faced with a potential statute of limitations issue, it sought relief through the procedural mechanism of rule 1.540. The Bank argued in its rule 1.540 motion that the trial court’s 2011 Dismissal Order was void because the Bank never received notice of the trial.
On July 24, 2013, the trial court entered an order vacating its 2011 Dismissal Order (the “2013 Vacatur Order”), and on January 30, 2014, the trial court entered an order setting the Bank’s case for trial on March 14, 2014. On that date, the trial *266 court entered a final judgment of foreclosure against De La Osa.[5]
De La Osa, through counsel, filed his Verified Motion to Vacate Order Vacating Dismissal and all Subsequent Orders (“De La Osa’s Motion”), seeking to have the trial court vacate its 2013 Vacatur Order, which had vacated the trial court’s 2011 Dismissal Order. De La Osa’s Motion sought to have all orders entered after the 2011 dismissal similarly vacated. De La Osa argued that the trial court lost jurisdiction over the case after it entered the 2011 Dismissal Order, and therefore lacked subject matter jurisdiction to enter the 2013 Vacatur Order more than two years later.[6]
De La Osa appealed the trial court’s May 16, 2014 order denying De La Osa’s Motion, and a .unanimous panel of this Court reversed the trial court’s order. De La Osa v. Wells Fargo Bank, N.A., No. 3D14-1455 (Fla. 3d DCA Feb. 10, 2016). Noting that rule, 1.540(b) provides extremely limited grounds for a trial court to revisit a final order, the panel determined that the clear and unambiguous language of rule 1.540(b)(4) applied only to “judgments and decrees,” and the 2013 Vacatur Order was neither a “judgment” nor a “decree.” Id.
II. Analysis
While the en banc majority opinion quashing the panel ruling is well reasoned and produces a logical result, it most assuredly rewrites rule 1.540(b).[7] While such a rewrite might be in order, I prefer the formal rule-drafting process over the adjudicatory version of rule-writing employed by the majority.
Rule 1.540(b) reads in its entirety, as follows:
(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc. On motion and upon such terms as are just, the court may relieve a party or a party’s legal representative from a final judgment, decree, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) that the judgment or decree is void; or (5) that the judgment or decree has been satisfied, released, or discharged, or a prior judgment or decree upon which it is based has been reversed or otherwise vacated, or it is no *267 longer equitable that the judgment or decree should have prospective application. The motion shall be filed within a reasonable time, and for reasons (1), (2), and (3) not more than 1 year after the judgment, decree, order, or proceedr ing was entered or taken. A motion under this subdivision does not affect the finality of a judgment or decree or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order, or proceeding or to set aside a judgment or decree for fraud upon the court.
Fla. R. Civ. P. 1.540 (emphases added).
A. Rule 1.54.0(b) U) Applies Only to Judgments and Decrees, Not to Orders
Pursuant to the express language of subsections (4) or (5), relief under these subsections is limited to a “judgment or decree.” Nothing in subsections (4) or (5) indicates that these subsections provide jurisdiction to a movant seeking relief from an “order” or a “proceeding.”
The language in subsections (4) and (5) is clear and unambiguous. In my view, while we may question whether a party who is the victim of a void order is any less deserving of relief than a victim of a void judgment or decree, we are constrained by the rules of statutory construction to give the rule’s language its plain meaning. Fla. Dep’t of Transp. v. Clipper Bay Invs., LLC, 160 So.3d 858, 862 (Fla. 2015); Barco v. Sch. Bd. of Pinellas Cty., 975 So.2d 1116, 1121-22 (Fla. 2008) (applying the principles of statutory construction to the Florida Rules of Civil Procedure). Indeed, rule 1.540(b)’s language is resistant to the canon of statutory construction employed by the majority to achieve a result that seems more harmonious with other case decisions. Wright v. City of Miami Gardens, 200 So.3d 765, 771 (Fla. 2016) (“Because this language is clear and unambiguous, there is no basis or authority to apply rules of construction.”) (citation omitted).
I submit that rule 1.540(b)(4) provides a trial court a limited jurisdictional basis to grant relief from only “judgments” and “decrees” previously entered by the trial court.
B. The 2011 Dismissal Order is Not a Judgment
Because rule 1.540(b)(4) is available to revisit only “judgments or decrees,” it is necessary to determine whether the 2011 Dismissal Order is a “judgment or decree” for the purpose of rule 1.540(b) relief.
Unlike the Rules of Appellate Procedure — which expressly and broadly define the word “order”[8] — and unlike the Federal Rules of Civil Procedure — which expressly define the word “judgment” to include “any order from which an appeal lies”[9]— Florida’s Rules of Civil Procedure do not supply definitions for the identified acts of finality — “judgment,” “decree,” “order,” and “proceeding” — from which a party may seek relief under rule 1.540(b).
Where the words used in a rule or statute are not defined, we should apply the plain and ordinary meaning to those words. Greenfield v. Daniels, 51 So.3d 421, 425 (Fla. 2010). In giving plain and ordinary meanings to “judgment,” “decree,” “order” and “proceeding,” we should recognize that these words have distinct meanings from one another.
*268 In other words, notwithstanding the majority’s historical references to the merger of law and equity (see majority opinion at 4, 6), if the drafters of rule 1.540(b)(4) had intended for the word “judgment” to encompass the meaning of the word “order,” the drafters would not have enlisted each word for separate duty in the sentence. Similarly, had the drafters intended for “judgment” to include all final orders, it certainly had available the Federal rules template that expressly defines the word “judgment” to include all such orders. For whatever reason,[10] the drafters chose not to employ the definitional scheme of either the Federal or appellate rules and we should not fix the omission through deci-sional law. Limbaugh v. State, 887 So.2d 387, 395 (Fla. 4th DCA 2004) (“Judges are not meant to be fixers of statutory omissions and have no authority to fill statutory voids or enlarge the domain of statutes already adopted .... This means that Judges are not free to reconstruct statutes dealing only with subpoenas and extend them to cover search warrants as well.”) (citation omitted).
A judgment is a final adjudication of the merits of an action. Makar v. Inv’rs Real Estate Mgmt., 553 So.2d 298, 299 (Fla. 1st DCA 1989). A decree is a judgment in an equitable action. See Nichols v. Bodenwein, 107 Fla. 25, 146 So. 86, 93 (1932). An order is a command, direction or instruction delivered by the trial court. Order, BLACK’S LAW DICTIONARY (10th ed. 2014). A proceeding generally encompasses certain other acts of litigation finality, such as a party’s voluntary dismissal. See Pino v. Bank of New York, 121 So.3d 23, 29 (Fla. 2013).
To be clear, while the 2011 Dismissal Order might have been a final, appealable order, this factor does not convert the 2011 Dismissal Order into a “judgment” for rule 1.540(b) purposes. The 2011 Dismissal Order did not adjudicate with finality any issue in the Bank’s foreclosure action against De La Osa; it simply dismissed the Bank’s claims without prejudice as a sanction for the Bank not showing for trial. Therefore, for the purposes of rule 1.540(b), the 2011 Dismissal Order was an “order,” not a “judgment,” “decree” or “proceeding.”
Because the 2011 Dismissal Order is an “order,” by the express terms of rule 1.540(b), the trial court’s subject matter jurisdiction to revisit the 2011 Dismissal Order existed only pursuant to rule 1.540(b)(1), (2), or (3); and also, pursuant to the express terms of rule 1.540, any motion seeking relief under subsections (1), (2) or (3) must have been brought within one year of entry of the 2011 Dismissal Order.
The 2011 Dismissal Order was entered on May 19, 2011; the Bank’s motion to vacate the 2011 Dismissal Order was filed on July 19, 2013, well beyond the one year *269 authorized by rule 1.540(b).[11] Consequently, because rule 1.540(b)(4) did not provide the trial court jurisdiction to revisit and vacate the 2011 Dismissal Order, I must conclude that the 2013 Vacation Order and all proceedings thereafter, including the March 14, 2014 Final Judgment, are void.

C. Only Orders That Are the Functional Equivalent of Judgments Should Be Treated as “Judgments”

The majority opinion identifies four decisions of this Court in which this Court treated orders of dismissal as “judgments” for the purposes of rule 1.540(b)(4). See U.S. Bank Natl Ass’n v. Proenza, 157 So.3d 1075 (Fla. 3d DCA 2015); Courtney v. Catalina, Ltd., 130 So.3d 739 (Fla. 3d DCA 2014); Dep’t of Revenue v. Thurmond, 721 So.2d 827 (Fla. 3d DCA 1998); Falkner v. Ameriflrst Fed. Sav. & Loan Ass’n, 489 So.2d 758 (Fla. 3d DCA 1986).[12] See majority opinion at 8-10.
It bears noting, though, that this Court and others have been careful to differentiate a judgment from a final order, rather than to merge them. In Do v. GEICO General Insurance Co., 137 So.3d 1039, 1044-45 (Fla. 3d DCA 2014), this Court had the opportunity to construe precisely the same term found in rule 1.540(b)(4)— “judgment or decree” — and expressly de-dined the invitation to construe a dismissal order as a judgment.
Specifically, in Do, an insured filed a declaratory judgment action against his automobile insurer and the insurer filed a counterclaim. Eventually, after the insurer paid the loss, the trial court dismissed the insurer’s counterclaim for lack of prosecution. Id. at 1042. The insured then sought recovery of his attorney’s fees for having to defend against the insurer’s counterclaim. The insured’s motion for attorney’s fees was brought pursuant to section 627.428(1) of the Florida Statutes, which reads, in relevant part, as follows:
(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any ... insured ... the trial court ... shall adjudge or decree against the insurer and in favor of the insured ... a reasonable sum as fees ... for the insured’s ... attorney prosecuting the suit in which the recovery is had.
Id. at 1042 (emphasis added).
We affirmed the trial court’s denial of the insured’s motion seeking fees, holding that the trial court’s order dismissing the insurer’s counterclaim was not a “determination on the merits,” and therefore did not constitute a “judgment in favor of the insured” entitling the insured to fees under the statute. Id at 1044. This holding *270 was entirely consistent with this Court’s holding in O.A.G. Corp. v. Britamco Underwriters, Inc., 707 So.2d 785, 787 (Fla. 3d DCA 1998) abrogated on other grounds by Caufield v. Cántele, 837 So.2d 371 (Fla. 2002), in which we held that an insurer’s voluntary dismissal did not constitute an adjudication on the merits and, therefore, did not entitle the prevailing insured to fees under section 627.428(1). See also Guarantee Ins. Co. v. Worker’s Temp. Staffing, Inc., 61 So.3d 1233, 1235 (Fla. 5th DCA 2011) (an insurer’s voluntary dismissal without prejudice is not a judgment or its functional equivalent so to entitle insured to fees under section 627.428(1)).
In each of these cases, the issue before the court was the same as the issue before the Court in this case: whether the dismissal order should be treated as a judgment. In each case, the district courts, following the directive of the Florida Supreme Court in Wollard v. Lloyd’s & Cos, of Lloyd’s, 439 So.2d 217 (Fla. 1983), resolved the question by inquiring whether the dismissal was the functional equivalent of a judgment. The panel decision sought to resolve the issue using this approach. De La Osa v. Wells Fargo Bank, N.A., No. 3D14-1455 (Fla. 3d DCA Feb. 10, 2016).
The majority rejects this approach, preferring to rewrite the rule. The majority declares that a trial court’s dismissal order should be considered a judgment “at least for procedural purposes.” See majority opinion at 4. In my view, it seems unworkable that precisely the same term — “judgment or decree” — has such a vastly different meaning depending on whether one is reading a statute or a rule. In my estimation, a more reasoned approach to determining whether an order should be treated as a “judgment” is to follow the approach established by Wollard and its progeny, at least until a formal rulemaking process can be convened.[13]
The majority opinion refers the matter raised in this case to the Florida Bar’s standing committee on the Rules of Civil Procedure. See majority opinion at 13-14. I agree, and hope the committee will accept the referral. Formal rulemaking brings precision and clarity, and strives to avoid the inconsistencies highlighted by this case. I do not agree, however, with the majority’s effort at adjudicatory rulemak-ing. I would reverse the trial court’s Final Judgment and either would recede from any earlier cases to the limited extent they might impliedly conflict with the analysis in this dissent, or would distinguish those cases, each on its appropriate basis, rather than rewrite the rule to make synonyms of “judgment” and “order.”
SALTER and EMAS, JJ., concur.

. While not relevant to the issue on appeal, other than for the irony, I note that: (1) the certificate of service attached to the Bank’s rule 1.540 motion did not include De La Osa’s counsel; (2) De La Osa was not served with the 2013 Vacatur Order or the order setting the Bank’s case for trial; and (3) De La Osa was not served with the final judgment of foreclosure.

. De La Osa did not make the alternate argument that the March 14, 2014 Final Judgment against him is void because he was not made aware of the post-dismissal proceeding that resulted in the Final Judgment.

.The en banc majority opinion has overturned a panel opinion that was based on a textual analysis of rule 1.540(b),. Perhaps to soothe its conscience, the majority twice refers to the late Justice Antonin Scalia as if to ask, “What would Scalia do?” See majority opinion at 11, 12-13. My response is that Justice Scalia would not judicially rewrite an unambiguous rule. "That is of course quite absurd .... ” King v. Burwell, — U.S. -, 135 S.Ct. 2480, 2496, 192 L.Ed.2d 483 (2015) (Scalia dissenting) (rejecting majority’s determination that the term “exchanges established by the State” includes exchanges established by the Federal government).

. "Order. A decision, order, judgment, decree, or rule of a lower tribunal, excluding minutes and minute book entries." Fla. R. App. P. 9.020(f).

. Fed. R. Civ. P. 54(a).

. One could speculate as to why the drafters chose not to include "orders” within rule 1.540(b)(4)’s purview: the value of finality in litigation. A challenge to a sanction order (such as the 2011 Dismissal Order) that merely has dismissed a party’s case without prejudice — and that has adjudicated absolutely nothing — should be brought within one year. Similarly, one could speculate that the drafters of rule 1.540(b)(5), which allows relief from satisfied judgments and decrees, limited the purview of this rule to "judgment or decree” because it is unclear how one would "satisfy” an order dismissing a case without prejudice. My point is that the formal rule-drafting process, as opposed to the majority’s adjudicatory rule-writing, is better equipped to solicit input from all potential stakeholders and to forestall unintended consequences. While only the parties who have a stake in this case’s outcome have briefed this issue, formal rule-drafting provides a more thorough and objective approach to crafting the rules governing all parties to Florida civil litigation.

. I note that rule 1.540 is substantially modeled on rule 60 of the Federal Rules of Civil Procedure, Federal rule 60(b)(6) — which has no corollary in rule 1.540(b) — provides a mechanism for a trial court to relieve a party from a final judgment, order or proceeding for “any other reason that justifies relief.” While motions made pursuant to rule 60(b)(6) must be filed "within a reasonable time,” the one-year time limit of Federal rule 60(c)(1) does not apply to motions made pursuant to rule 60(b)(6).

. The majority opinion identifies decisions of the First and Fourth Districts that also use the term "judgment” to include final orders: Cheshire v. Wells Fargo Bank, N.A., 175 So.3d 886 (Fla. 1st DCA 2015) and Garcia v. Stewart, 906 So.2d 1117 (Fla. 4th DCA 2005), respectively. While I agree that the panel opinion in this case might have conflicted implicitly with the holdings of the cases cited by the majority, none of these cases specifically addressed De La Osa’s jurisdictional argument that an order dismissing a case without prejudice could not be reviewed several years later via a rule 1.540(b)(4) motion. In none of the allegedly conflicting cases does it appear that the issue addressed in this case was raised, much less adjudicated.

. Rule 2.140 of the Florida Rules of Judicial Administration outlines the formal process for amending the Florida Rules of Civil Procedure. The process includes input and deliberation by the Florida Bar's Civil Procedure Rules Committee after notice and plenty of opportunity for that input. Ultimately, proposed rule changes are considered by the Florida Supreme Court, after published notice and, if desired by the Court, oral argument. See section II G.3, Fla. Sup. Ct. Manual of Internal Operating Procedures.