# Third District Court of Appeal

## State of Florida

Opinion filed December 8, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-214
Lower Tribunal Nos. 20-201AP & 20-1907CC

_____

**GR Rehab Center, Inc.,**
Appellant,

vs.

**Geico General Insurance Company,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Gordon Murray, Judge.

Chad Barr Law, and Chad A. Barr (Altamonte Springs), for appellant.

Rumberger, Kirk & Caldwell, P.A., and Monica C. Segura and K. Abigail Roberts, for appellee Geico General Insurance Company.

Before SCALES, LINDSEY and MILLER, JJ.

SCALES, J.

GR Rehab Center, Inc. ("GR"), the plaintiff below, appeals the trial court's September 21, 2020 order denying GR's February 2, 2020 "Motion to Determine Entitlement to Attorney's Fees and Taxable Costs" ("GR's Motion"). We dismiss the appeal because the challenged order is a non-final, non-appealable interlocutory order.

Upon providing medical service to GEICO General Insurance Company's ("GEICO") insured, GR received an assignment of benefits from the insured and instituted the instant first-party personal injury protection ("PIP") action against GEICO in the county court of Miami-Dade County. During the pendency of GR's PIP lawsuit, GEICO paid GR's PIP claim. GR then filed GR's Motion asserting that GEICO's payment constituted a "confession of judgment," thus entitling GR to attorney's fees pursuant to sections 627.428 and 627.736(8) of the Florida Statutes (2020).[1]

On September 9, 2020, the trial court conducted a hearing on GR's Motion and, at the hearing, the trial court announced its intention to deny

---

[1] "Section 627.428 provides that an incorrect denial of benefits, followed by a judgment or its equivalent of payment in favor of the insured, is sufficient for an insured to recover attorney's fees. Extensive case law further provides that an insurer's concession that the insured was entitled to benefits after a legal action has been initiated is the functional equivalent of a confession of judgment." Johnson v. Omega Ins. Co., 200 So. 3d 1207, 1219 (Fla. 2016).

2

GR's Motion because GR had filed its lawsuit prematurely.[2] On September 21, 2020, the trial court entered the challenged order summarily denying GR's Motion. Importantly, the trial court's unelaborated order does not dismiss, or otherwise adjudicate with finality, GR's PIP lawsuit.[3] GR brought the instant appeal challenging the September 21, 2020 order denying GR's Motion.

While, in its notice of appeal, GR characterizes the trial court's order as "final," the order is not final because judicial labor remains. See Giller v. Giller, 319 So. 3d 690, 691 (Fla. 3d DCA 2021) ("If an order on appeal fails to 'terminate judicial labor or provide finality as to any issue or party in [the] case,' it is subject to dismissal." (quoting N. Tr. Co. as Tr. of Elizabeth W. Walker Tr. v. Abbott, 313 So. 3d 792, 796 (Fla. 2d DCA 2021))). Indeed,

---

[2] Specifically, GEICO argued that GR's lawsuit was filed in contravention of Section 627.736(10)(d) of the Florida Statutes, which prohibits the filing of a lawsuit against a PIP insurer within thirty days of the insurer's receipt of a demand letter.

[3] We distinguish this case from Do v. GEICO General Insurance Co., 137 So. 3d 1039 (Fla. 3d DCA 2014). In Do, this Court exercised appellate jurisdiction to review the trial court's *post decretal* order denying an insured's motion seeking section 627.428 attorney's fees. While in Do, as in this case, the plaintiff argued that GEICO's payment of the underlying policy claim "was the functional equivalent of a confession of judgment," unlike here, the insured filed its fee motion, and the challenged order was entered, *after* the insured's complaint and GEICO's counterclaims had been dismissed for lack of prosecution. Id. at 1042.

unless and until the trial court, with finality, adjudicates GR's PIP lawsuit, the trial court may revisit the challenged order. See Dawkins, Inc. v. Huff, 836 So. 2d 1062, 1065 (Fla. 5th DCA 2003) ("[A] court always has jurisdiction during the progress of a case to set aside or modify an interlocutory order before final judgment."). Because the challenged order is neither final nor included in Florida Rule of Appellate Procedure 9.130(a)(3)'s schedule of appealable non-final orders, we lack appellate jurisdiction to review the challenged order. We are compelled to dismiss the appeal without prejudice to GR seeking review of the order upon conclusion of its PIP lawsuit. See Venezia v. Wells Fargo Bank, 258 So. 3d 539, 541 (Fla. 3d DCA 2018).

Appeal dismissed.[4]

---

[4] We do not reach the merits of whether the trial erred in denying GR's Motion and we express no opinion on the issue.