EDITH L. O'STEEN, also Known as EDITH O'STEEN, by L. RAYMOND O'STEEN, Her Next Friend, Appellant, v. MARY J. THOMAS, a Widow, Appellee.

200 So. 230
Special Division A
Opinion Filed February 7, 1941

*L. Raymond O'Steen,* for Appellant;

*Thomas B. Everhart,* for Appellee.

BUFORD, J.—On August 25, 1939, the circuit judge entered an Order dismissing the cause with prejudice. The Order was recorded on August 26, 1939.

Motion for rehearing was filed on August 29, 1939, and supplemental motion for rehearing was filed September 18, 1939. Rehearing was denied on August 12, 1940.

Notice of appeal was filed and recorded on the 11th day of September, 1940.

So it is seen that the supplemental motion for rehearing was filed more than twenty days after the recording of the final decree.

Section 70 of Florida Chancery Practice Act provides:
"Every petition for rehearing shall contain the special matter or cause on which such rehearing is applied for, shall be signed by counsel, and the facts therein stated, if

not apparent on the record, shall be verified by the oath of the party, or by some other person. No rehearing shall be granted unless the petition is filed within twenty days after the recording of the decree." Therefore, the supplemental petition for rehearing came too late.

The original motion for rehearing, being timely filed, operated to suspend the final decree dismissing bill of complaint, until that motion was disposed of. See Dade County v. Snyder, *et ux.*, 134 Fla. 756, 184 So. 489, wherein we said:

" 'Section 71. Petition for rehearing as stay. No petition for rehearing shall operate to stay the proceedings unless so ordered by the court. The court, in granting any such stay of proceedings, may fix the terms and conditions of such stay. The court on *ex parte* application may grant a stay on such petition for a period not exceeding five days, but no stay for a longer period shall be granted except on notice previously given to the opposing party.' " Sec. 71, Chancery Act of 1931.

"Counsel for appellees urges that inasmuch as there was no order of the court staying the proceedings pending final determination of the petition for rehearing, the subsequent proceedings and the appeal in this case were ineffectual and without authority. Had affirmative relief been granted either party in this cause, then a stay order would have been proper and appellees' contention might have some force, but in this case there was nothing to stay and the entry of a stay order would have been a useless gesture. The statutory provisions above referred to are different from those construed in Gasque v. Ball, 71 Fla. 257, 71 So. 329."

So the final decree dismissing the cause became' effective August 12, 1940 and the plaintiff had six months from that date in which to appeal.

We are not unmindful of what we said in the opinion in the case of Gasque v. Ball, 71 Fla. 257, 71 Sou. 329, and The Thompkins Corporation v. Miami Beach, *et al.,* 135 Fla. 360, 185 Sou. 422.

In the instant case, as in the Snyder case, *supra,* there was nothing for a stay order to operate upon. It also appears in this case that in the order of the chancellor denying the petition for rehearing the chancellor adjudicated the sufficiency of the bill of complaint to support a decree of specific performance, and did not consider the sufficiency of the bill as alleging grounds for accounting for purchase money received and impressing an equitable lien on specific property to enforce the repayment of the consideration received. It also appears that in the order August 25, 1939, to which petition for rehearing was addressed, the chancellor only considered the sufficiency of the bill as one seeking specific performance and, therefore, plaintiff was entitled to have an adjudication of the sufficiency of the bill to state a cause requiring accounting for purchase price received and the impressing of a lien on specific property to enforce the return or repayment of the purchase price alleged to have been wrongfully retained by defendant.

The suit, as originally filed, was in the name of Edith L. O'Steen, also known as Edith O'Steen, by Raymond O'Steen, her next friend, v. Mary J. Thomas, a widow, and the original bill of complaint in its first paragraph read:

"Come now the complainant, Edith L. O'Steen, also known as Edith O'Steen, by L. Raymond O'Steen, her next friend, and brings this her bill of complaint against the defendant Mary J. Thomas, and alleges:"

The original bill of complaint was, on motion, dismissed with leave to amend. Amended bill of complaint was filed in which parties were likewise described and that bill of complaint was, on motion dismissed with leave to amend.

The second amended bill of complaint was filed and in that the suit was in the name of Edith L. O'Steen also known as Edith O'Steen, a free dealer, v. Mary J. Thomas, and the bill of complaint described the plaintiff as a free dealer. On motion that second amended bill of complaint was dismissed with leave to amend.

A third amended bill of complaint was filed and on motion to dismiss the plaintiff asked leave to amend which was granted.

Then the fourth amended bill of complaint was filed describing the parties as in the second amended bill of complaint. On motion, the fourth amended bill of complaint was dismissed with prejudice.

We may consider here only the fourth amended bill of complaint in that the plaintiff sought specific performance of a contract or, in default of a decree for specific performance, a decree requiring the defendant to repay to the plaintiff the sum of $240.00 alleged to have been paid to defendant by plaintiff under the contract and to return to plaintiff warranty deed which the plaintiff alleged she had delivered to defendant under the terms of the contract.

The contract relied on was as follows:

"It Is Agreed between Mary J. Thomas of 1st part and Edith L. O'Steen of 2nd part as follows: Party of the first part agrees to sell to party of second part the property described as No. 6022 N. W. 5th Avenue, Miami, Fla. for the sum of $240.00 cash, receipt of which is acknowledged and a good and sufficient deed and abstract to the property described as No. 4429 N. W. 22nd Court, Miami, Florida. Deeds to be exchanged upon approval of title by L. Raymond O'Steen, Attorney.

"Second party agrees to assume and pay mortgage now existing on property purchased from 1st party, now showing a balance of $1,760.00 held by J. E. F. Miller. Parties

agree to furnish abstracts of title·showing marketable title to their respective properties herewith exchanged.

"In witness·whereof the parties hereto have executed this agreement·in· duplicate at Miami, Florida, this the 16th· day of January, 1939.

"Witness:     (Signed)  Mary J. Thomas
"L. Raymond O'Steen  (Signed)  Edith L. O'Steen"

The contract was made a part of the bill of complaint.

The allegations of the bill of complaint are not sufficient to require decree of specific performance, but the bill alleges in effect that property described in the contract as No. 6022 N. W. 5th Avenue, Miami, Fla., is more particularly described as Lot 19 in Block 1, Buena Vista Gardens Extension and that the property described in the contract as No. 4429 N. W. 22nd Court, Miami, Florida, is more particularly described as Lot 20, Block 1, of Buckeye Park, a subdivision of Dade County, Florida, and that each lot is so described on plats duly recorded in the office of the Clerk of the Circuit Court.

The bill alleges:

"That on said date, the said January 16, 1939, she paid unto the defendant the cash consideration of $240.00 in accordance with their agreement for deed above mentioned; that thereafter she made, executed and delivered unto the defendant a good and sufficient warranty deed to her said property above mentioned in accordance with said agreement for deed between the parties hereto and that she stands able, ready and willing to further do equity herein by assuming said purchase money mortgage and paying the same, and in every way to keep, perform and comply with said agreement for deed in every particular, on her part to be kept and performed and that she has demanded that the

defendant keep and perform her part on said agreement according to the tenor thereof. . Notwithstanding the premises, the defendant has refused. and still refuses. to comply with her said agreement for deed on her part to be kept and performed or any part thereof, or to do equity in any manner whatsoever."

And prays:

"c. That in the event the court should refuse to decree specific performance herein that an order be made and entered herein requiring the defendant Mary J. Thomas to forthwith return unto her the warranty deed and abstract heretofore delivered to the defendant to Lot 20 in Block 1 of Buckeye Park according to Plat thereof recorded in Plat Book 13 on page 69 of the public records of Dade County, Florida, together with the cash consideration of $240.00 paid by her to the defendant on January 16, 1939, as a part of the purchase price of the property forming the basis of this suit together with interest thereon at the legal rate from said date until refunded to the complainant herein in accordance with the order of this court to be made herein.

"d. That in the event of a failure or refusal on the part of the defendant Mary J. Thomas to comply with said order of court to be made herein, in accordance with terms of said order that a lien be declared upon the property of the defendant forming the basis of this suit, to-wit: Lot 19 in Block 1, Buena Vista Gardens Extension as per plat thereof recorded in Plat Book 4, page 19 of the public records of Dade County, Florida, for said amount due the complainant, and that said property be sold under the direction of this court to satisfy said lien, together with interest and costs of this suit."

Therefore, if plaintiff can prove the allegations of her fourth amended bill of complaint, she will be entitled to a

decree requiring the return of that consideration which she has delivered to defendant and which defendant has received and retained as a part of the purchase price of property owned by the defendant and which defendant has refused to convey to the plaintiff according to the agreement between the parties. She will also be entitled to have an equitable vendee's lien on the property of plaintiff involved in the transaction to enforce the return of the consideration so paid. This is the rule in cases where the vendee under an agreement for purchase of land performs his part of the agreement and is not in default of the terms of the agreement and where the vendor is in default for not completing the agreement according to its terms. See Tuttle, *et al.,* v. Ehrehart, 102 Fla. 1129, 137 Sou. 245; Wolfe v. Daugherty, 103 Fla. 432, 137 Sou. 717; John Ringling Estates, Inc., v. White *et al.,* 105 Fla. 581, 141 Sou. 884.

The fact that the contract for sale of real estate is involved is insufficient to defeat the right of the vendee for the amount which has been paid upon the purchase price which has enured to the use and benefit of the vendor. There are some courts holding a contrary view but the weight of authority is as above stated. See cases cited in note 45 A. L. R. 360, *et seq.*

For the reasons stated, the decree is reversed and the cause remanded for further proceedings.

So ordered.

BROWN, C. J., WHITFIELD, and CHAPMAN, J. J., concur.