ADKINS, Judge.
By petition for writ of certiorari, we have for review a decision of the District Court of Appeal, Third District, Laytner v. Humble Oil and Refining Co., 251 So.2d 156, which is in direct conflict with two decisions of the District Court of Appeal, Second District (Elmore v. Palmer First Nat. B. & T. Co. of Sarasota, 221 So.2d 164 (Fla.App.2d 1969) and Snyder v. Gulf American Corporation, 224 So.2d 405 (Fla.App.2d, 1969)) on the same point of law. Fla. Const., art. V, § 4, F.S.A.
The facts of this case can be briefly stated. On February 17, 1971, petitioner, Mrs. Laytner, filed a complaint in the Circuit Court of the Eleventh Judicial Circuit, alleging that respondent, Humble Oil and Refining Company, was guilty of malicious prosecution, false imprisonment and abuse of process.
Pursuant to respondent’s motion, the Circuit Court on March 24, 1971, entered its order dismissing with prejudice and striking certain allegations of the complaint as sham. The petitioner filed with the Circuit Court on April 5, 1971, a petition for rehearing. This was denied on April 29, 1971. Shortly thereafter on May 5, 1971, petitioner filed a notice of appéál'to the District Court of Appeal, Third District.
Respondent, on June 30, 1971, filed its motion to dismiss the appeal on the ground that it was not timely filed, since substantially more than thirty days had elapsed from the rendition of the Circuit Court’s final judgment of March 24, 1971. The District Court of Appeal, Third District, agreed with respondent’s contention that a petition for rehearing from an order granting a motion to dismiss with prejudice was not permitted under F.R.C.P. 1.530, 31 F.S.A. and, therefore, did not, and could not, toll the time for taking an appeal. We disagree and reverse.
Confronted by the exact question facing this Court in the case sub judice, the District Court of Appeal, Second District, in Snyder v. Gulf American Corporation, supra, said:
“Appellee maintains that a motion for rehearing is not proper when directed to a dismissal with prejudice; that the motion to dismiss was a nullity; that as such could not toll the time for filing notice of appeal; and that the appeal is therefore untimely.
“The motion for rehearing was filed under F.R.C.P. 1.530, 31 F.S.A. entitled ‘Motions for New Trials and Rehearing; Amendments to Judgments’ which provides in part:
“‘(a) Jury and Non-Jury Actions * * On a motion for a rehearing of matters heard without a jury, including summary judgments, the court *677 may open the judgment if one has been entered, take additional testimony and enter a new judgment.
“‘(b) Time for Motion. A motion for a new trial or for rehearing shall be served not later than ten days after the rendition of verdict in a jury action or the entry of judgment in a non-jury action * * *.’
“We are called upon to decide whether a motion for rehearing of an order dismissing a complaint with prejudice tolls the time for filing a notice of appeal.
“Appeal from a judgment is proper only when it is final and the trial court’s judicial labors are at an end. Therefore, when the trial court has pending a timely and proper motion for rehearing it has the power to alter said judgment and appeal is not authorized during this period. See F.A.R. 1.3 and F.A.R. 3.2, subd. b, 32 F.S.A.
“We hold that a motion to rehear an order dismissing a complaint with prejudice is proper under F.R.C.P. 1.530 because it is directed to an otherwise appeal-able final judgment heard without a jury within the terms of the rule. This being a judgment, a motion filed within ten (10) days of its entry is proper and tolls the time for appeal. This was the procedure under the former equity rules, O’Steen v. Thomas, 1941, 146 Fla. 73, 200 So. 230, and is therefore encompassed by Rule 1.530 of our modern rules of procedure in which law and equity have been merged.
“The motion to dismiss is denied.” (p. 406)
We approve that decision.
The opinion of the District Court of Appeal, Third District, is therefore quashed and the case remanded to them for disposition of the cause on its merits.
It is so ordered.
ROBERTS, C. J., and ERVIN, BOYD and McCAIN, JJ., concur.