FILED

AUG 19 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WAYNE H. FORD, | No. 12-16359 |
| Plaintiff - Appellant, | D.C. No. 1:10-cv-01384-AWI-JLT |
| v. | |
| ERIC K. SHINSEKI, Secretary of Veterans Affairs, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted August 14, 2013[**]

Before:    SCHROEDER, GRABER, and PAEZ, Circuit Judges.

Wayne H. Ford appeals pro se from the district court's entry of judgment

dismissing without prejudice of his action alleging constitutional claims arising

from the denial of interest on a retroactive veterans' disability benefits award.  We

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's compliance with our mandate, *United States v. Kellington*, 217 F.3d 1084, 1092 (9th Cir. 2000), and we affirm.

In Ford's prior appeal, we remanded so that the district court could enter judgment of dismissal without prejudice because the district court lacked subject matter jurisdiction over Ford's action, which requires dismissal without prejudice. *See Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1022, 1026-32 (9th Cir. 2012) (en banc) (Court of Appeals for Veterans Claims has exclusive jurisdiction to review administrative decisions regarding veterans' disability benefits, including all factual, legal, and constitutional questions involving benefits laws); *Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1036 (9th Cir. 2004) (dismissals for lack of subject matter jurisdiction should be without prejudice). Accordingly, the district court properly followed our mandate by entering judgment of dismissal without prejudice. *See United States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1995) (a district court that has received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing it).

**AFFIRMED.**