ROTHENBERG, J.
U.S. Bank National Association (“U.S.Bank”) appeals from an order denying its Florida Rule of Civil Procedure 1.540(b)(4) motion for relief from a final order. We reverse and remand with directions.
U.S. Bank filed a foreclosure action against Raul and Julissa Proenza on October 12, 2012. After various filings, the trial court sua sponte entered a final order closing the foreclosure action. Although the foreclosure action had been actively litigated, was at issue, and was ready to proceed to trial, the trial court entered the final order without providing notice to the parties that it might close or dismiss the case and without sending a copy of the final order to either party. Thereafter, U.S. Bank moved for relief from the final order pursuant to rule 1.540(b)(4), asserting that the final order is void for lack of due process because it was entered without notice. The trial court denied U.S. Bank’s motion.
Although this Court reviews the denial of a motion to vacate a final judgment under an abuse of discretion standard, see Shiver v. Wharton, 9 So.3d 687, 689 (Fla. 4th DCA 2009) (holding that an appellate court reviews a trial court’s ruling on a motion to vacate a final order filed pursuant to rule 1.540(b) for an abuse of discretion), we find that in this case the trial court abused its discretion. It is undisputed that the final order was entered without notice to the parties. Thus, U.S. Bank’s due process rights were violated, and the final order is void. See State, Dep’t of Revenue ex rel Prinzee v. Thurmond, 721 So.2d 827, 828 (Fla. 3d DCA 1998) (“This court has repeatedly held that a judgment entered without notice to a party is void ab initio.”). Accordingly, we reverse the order denying U.S. Bank’s motion for relief from judgment and remand with directions to the trial court to reopen the foreclosure action.
Reversed and remanded with directions.