SWANSON, J.
Appellant seeks review of the trial court’s order denying her motions seeking relief following appellee’s voluntary dismissal of its mortgage foreclosure action against appellant. We conclude appellant’s motions failed to state any claim for relief pursuant to Florida Rule of Civil Procedure 1.540(b) with one possible exception. Appellant correctly notes the order dismissing her counterclaims with prejudice was entered simultaneously with the trial judge’s order of recusal. Any order entered simultaneously with an order of recusal is void. Lance Block, P.A. v. Searcy, Denney, Scarola, Barnhart & Shipley, P.A., 85 So.3d 1122 (Fla. 1st DCA 2012). An exception has been recognized where the trial judge’s written order was simply a reduction of an earlier adverse oral ruling made prior to the recusal. Barnett Bank of S. Fla., N.A. v. Tarr, 557 So.2d 595, 595-96 (Fla. 4th DCA 1990). The record is silent as to whether the trial judge made an earlier oral ruling prior to his recusal. If there was no prior oral ruling, appellant would be entitled to relief under rule 1.540(b)(4) because the order dismissing her counterclaims with prejudice was void. Appellee’s subsequent notice of voluntary dismissal would have no effect on appellant’s counterclaims if the trial court’s earlier order of dismissal was void under rule 1.540(b)(4). See Layne Dredging Co. v. Regus, Inc., 622 So.2d 7, 8 (Fla. 2d DCA 1993) (holding that a counterclaim is not extinguished by a voluntary *887 dismissal of the complaint). Accordingly, we reverse and remand for further proceedings on the limited issue of whether the order dismissing appellant’s counterclaims was void because it was entered simultaneously with the trial judge’s recu-sal order.
REVERSED and REMANDED.
OSTERHAUS, and KELSEY, JJ., concur.