# Third District Court of Appeal

## State of Florida

Opinion filed January 27, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2980
Lower Tribunal No. 12-28355
_____

**HSBC Bank USA, N.A.,**
Appellant,

vs.

**Biscayne Point Condominium Association,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

Elliot B. Kula and W. Aaron Daniel, for appellant.

Appellee precluded from oral argument.

Before SALTER, FERNANDEZ and LOGUE, JJ.

SALTER, J.

HSBC Bank USA, N.A., as Trustee ("HSBC"), appeals a circuit court order denying its motion to vacate a default judgment as void and for lack of personal

jurisdiction as to HSBC. The appellee, Biscayne Point Condominium Association ("Association"), has not appeared through counsel in this case, has not filed an answer brief, and has not filed a memorandum of points and authorities in support of its position in this appeal.[1] The end result of the frivolous legal proceedings[2] below and here is a waste of time and judicial resources.

On the Court's own motion, the Association is directed to show cause, within thirty days from the issuance of this opinion, why HSBC's appellate attorney's fees and costs should not be assessed against the Association as a sanction pursuant to Florida Rule of Appellate Procedure 9.410 and section 57.105, Florida Statutes (2014). The Clerk is directed to serve a copy of this opinion by email upon the Association's counsel designated on the notice of appeal, and on the Association via the U.S. Postal Service at: Silvio Fuentes, President, Biscayne Point Condominium Association, Inc., 12105 N.E. 11th Place, Miami, Florida 33161.

---

[1] We authorized such a memorandum, not to exceed three pages, in our order of September 16, 2015, following an earlier order to the Association to file a brief, or by failing to do so, be sanctioned.

[2] As disclosed on the face of the Association's pleadings, its lien for unpaid condominium assessments was junior in recordation and priority to HSBC's purchase-money mortgage. The Association alleged, nonetheless, that the certificate of title it obtained in February 2012 by foreclosing on the assessment lien was senior to HSBC's unsatisfied mortgage recorded in 2006. The Association's lien foreclosure did not properly identify HSBC as a party or set forth any legal basis for extinguishing the mortgage lien.

Within that same period of thirty days, counsel for the appellant shall file a brief memorandum indicating whether HSBC or its counsel communicated with the Association's circuit court counsel or the Association in an effort to procure a concession of error before the filing of the initial brief in this appeal.

The Supreme Court of Florida has held that, although "not shielded *as a matter of law* from the imposition of sanctions," an appellee should only be sanctioned in "rare circumstances." Boca Burger, Inc. v. Forum, 912 So. 2d 561, 570 (Fla. 2005). This proceeding smacks of just such a set of circumstances: an "indefensible" position below and on appeal, "where there is no chance of victory." Id. Nonetheless, we will consider the parties' responses before ruling on the issue.

We do not address here the method or manner by which the Association's counsel in the circuit court apparently led one of our "[b]usy judges[,] managing overloaded motion calendars," into error, but we remind counsel of their ethical obligations of complete candor to their client as well as the circuit judge. Id. The order below is reversed, and the case is remanded to the trial judge with directions to vacate the final default judgment. U.S. Bank Nat'l Ass'n v. Proenza, 157 So. 3d 1075 (Fla. 3d DCA 2015). We retain jurisdiction for the limited purpose of considering sanctions following our review of the Association's response, if any, to this opinion's directive to show cause.

Reversed and remanded.