# Third District Court of Appeal

## State of Florida

Opinion filed December 14, 2016.

————————

No. 3D14-1455
Lower Tribunal No. 08-42958

————————

**Yoanky De La Osa,**
Appellant,

vs.

**Wells Fargo Bank, N.A.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Herbert Stettin, Senior Judge.

Feiler & Leach, P.L., and Martin E. Leach, for appellant.

Carlton Fields Jorden Burt, P.A., and Michael K. Winston, Dean A. Morande, and Donna L. Eng (West Palm Beach), and Nancy C. Ciampa, for appellee.

Before, SUAREZ, C.J, and WELLS, SHEPHERD, ROTHENBERG, LAGOA, SALTER, EMAS, FERNANDEZ, LOGUE, and SCALES, JJ.

**On Motion for Rehearing En Banc**

LOGUE, J.

The final order underlying this appeal dismissed a case because the Plaintiff failed to appear for trial. The Plaintiff, however, was given no notice to appear for trial and no copy of the dismissal order. Although labeled "without prejudice," the order is final and uncontestably void. The trial court set aside this void final order pursuant to Florida Rule of Civil Procedure 1.540(b)(4), which authorizes a court to relieve a party from a void "judgment or decree." The Defendant appealed arguing that Rule 1.540(b)(4) applies only to a void "judgment or decree" and not to a void final "order." The original panel assigned to the case agreed with the Defendant and reversed. De La Osa v. Wells Fargo Bank, N.A., No. 3D14-1455, 2016 WL 517466, at *4 (Fla. 3d DCA 2016). On rehearing en banc, we vacate the panel opinion and affirm the trial court's order setting aside the void final order.

**ANALYSIS**

Florida Rule of Civil Procedure 1.540(b) reads as follows:

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, decree, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) that the judgment or decree is void; or (5) that the judgment or decree has

2

been satisfied, released, or discharged, or a prior judgment or decree upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or decree should have prospective application. The motion shall be filed within a reasonable time, and for reasons (1), (2), and (3) not more than 1 year after the judgment, decree, order, or proceeding was entered or taken. A motion under this subdivision does not affect the finality of a judgment or decree or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order, or proceeding or to set aside a judgment or decree for fraud upon the court.

Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review are abolished, and the procedure for obtaining any relief from a judgment or decree shall be by motion as prescribed in these rules or by an independent action.

(emphasis added).

Observing that the first sentence of Rule 1.540(b) refers to "a final judgment, decree, order, or proceeding," the Defendant took as his first premise that the drafters intended these terms to have distinct and different meanings. Applying a negative implication,[1] the Defendant reasoned that, because subsection (4) of 1.540(b) refers only to a judgment or decree, subsection (4) applies only to a void "judgment" or "decree" and not to a void final "order." The Defendant's

_____

[1] A negative implication reflects the assumption that the expression of one thing implies the exclusion of the other. "Virtually all the authorities who discuss the negative-implication canon emphasize that it must be applied with great caution, since its application depends so much on context." Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 107 (2012)). Because this maxim is easily misapplied it has been dubbed "a valuable servant, but a dangerous master." Crews v. Fla. Pub. Employers Council 79, AFSCME, 113 So. 3d 1063, 1071-72 (Fla. 1st DCA 2013) (citation omitted).

3

conclusion follows a certain logic. But the premise is incorrect. Any difference between the terms final "judgment," final "decree," and final "order" disappeared long ago, at least for procedural purposes.

Over forty years ago, the Florida Supreme Court held that the term "judgment" as used in the Florida Rules of Civil Procedure included final "orders." Laytner v. Humble Oil & Ref. Co., 262 So. 2d 675, 677 (Fla. 1972). Laytner dealt with Rule 1.530, the companion rule to Rule 1.540. Otherwise, the issue in Laytner was virtually identical to the issue here.

The question in Laytner was whether Rule 1.530's authority to rehear "judgments" included the authority to rehear "an order dismissing a complaint with prejudice." The Court held that the term "judgment" included a final "order" for purposes of the Rule. The Court explained:

> We hold that a motion to rehear an order dismissing a complaint with prejudice is proper under F.R.C.P. 1.530 because it is directed to an otherwise appealable final judgment heard without a jury within the terms of the rule. This being a judgment, a motion filed within ten (10) days of its entry is proper and tolls the time for appeal. This was the procedure under the former equity rules, O'Steen v. Thomas, 1941, 146 Fla. 73, 200 So. 230, and is therefore encompassed by Rule 1.530 of our modern rules of procedure in which law and equity have been merged.

Id. (citation omitted) (emphasis added).

The principle that "judgment" as used in Rule 1.530 includes a final "order" has been repeatedly upheld in the ensuing decades. Capone v. Philip Morris USA,

Inc., 116 So. 3d 363, 372 (Fla. 2013) ("[Rule 1.530] has been consistently construed to authorize rehearings of orders and judgments which are final in nature").[2] In fact, the term "judgment" as used in Rule 1.530 has always been understood to include final orders of dismissal without prejudice exactly like the one in this case.[3]

There is no reason why the term "judgment" would include final "order" in Rule 1.530 but not Rule 1.540: the two Rules complement each other. Between them, they provide just, speedy, and inexpensive ways for litigants to bring errors in final orders to the attention of the trial court. See generally Balmoral Condo. Ass'n v. Grimaldi, 107 So. 3d 1149, 1151 (Fla. 3d DCA 2013) ("[R]ule 1.530 provides a short window of time for a court to reconsider a final order for a broad

---

[2] Francisco v. Victoria Marine Shipping, Inc., 486 So. 2d 1386, 1390 n.6 (Fla. 3d DCA 1986) ("To the extent that rule 1.530 authorizes rehearings on final orders that are not true final judgments, it is our conclusion that such authorization extends only to those orders that partake of the character of a final judgment, i.e., orders that complete the judicial labor on a portion of the cause."); Derma Lift Salon, Inc. v. Swanko, 419 So. 2d 1180, 1180-81 (Fla. 3d DCA 1982) ("The trial court's order of dismissal entered May 11, 1982, albeit 'without prejudice,' was a final appealable order . . . subject to the further jurisdiction of the trial court only upon a timely filed motion for rehearing under Florida Rule of Civil Procedure 1.530 . . . or on its own initiative within the time allowed for a rehearing motion.").

[3] See, e.g., Cape Royal Realty, Inc. v. Kroll, 804 So. 2d 605, 606 (Fla. 5th DCA 2002) (recognizing the trial court could use Rule 1.530 to rehear a "final order dismissing [plaintiff's] case for failure to prosecute"); Beverly Enterprises-Florida, Inc. v. Lane, 855 So. 2d 1172 (Fla. 5th DCA 2003) (recognizing the trial court could rehear an order which "dismissed without prejudice for failure to prosecute").

range of reasons; rule 1.540, on the other hand, provides a larger window of time for a court to change a final order but only for a narrow, enumerated list of reasons."). For the Defendant's argument to be correct, we would have to hold that the term "judgment" has different meanings in different parts of the rules of civil procedure—different even in companion rules.

As the Florida Supreme Court noted in <u>Laytner</u>, the interchangeability of the terms final "judgment" and final "order" stems from the merger of law and equity for procedural purposes. <u>Laytner</u>, 262 So. 2d at 677. Significantly, the authors' comment to Rule 1.540 also specifically cite to the merger of law and equity to explain the use of language in the rule. Fla. R. Civ. P. 1.540 (authors' cmt. 1967) (noting the term "decrees" was included in the Rule to ensure decrees "rendered prior to January 1, 1967 [the date of the merger of law and equity] may come within this rule").

Modern lawyers often overlook the merger for procedural purposes of law and equity. But the merger of the procedures governing law and equity into one body of rules was one of the most revolutionary and beneficial changes in American procedural law. This revolution was accomplished by the deceptively simple and often-overlooked language of Florida Rule of Civil Procedure 1.040, which quietly provides "[t]here shall be one form of action to be known as 'civil action.'" Because Rule 1.040 "eliminat[ed] the distinction between law and

equity," the drafters of the Rules of Civil Procedure considered Rule 1.040 "the most fundamental rule of all." Fla. R. Civ. P. 1.040 (authors' cmt. 1967).

Consistent with this historic change, the Florida Rules of Appellate Procedure expressly recognize the interchangeability of the terms final "order" and "judgment." Rule 9.020(f) defines "order" as a "decision, order, <u>judgment</u>, decree, or rule of a lower tribunal, excluding minutes and minute book entries." (emphasis added). This definition refutes the Defendant's entire argument: the contention that the terms are distinct cannot be reconciled with this definition indicating the terms are interchangeable.

Florida Rule of Judicial Administration 2.430(2) also expressly uses the term "judgment" as interchangeable with "final order, final judgment, final docket entry, final dismissal, or nolle prosequi [that] has been entered as to all parties" for procedural matters relating to document retention.

Rule 1.540 itself uses these terms interchangeably. Rule 1.540(b) expressly applies to a "judgment, decree, order, or proceeding," but the rule also provides that "a motion under this subdivision does not affect the finality of a judgment or decree or suspend its operation." If we were to accept the Defendant's premise and use of negative implication, the continuation of finality would apply only to a "judgment or decree" and not to a final order. This makes no sense.

Likewise, the Rule provides "[t]his rule does not limit the power of a court . . . to set aside a judgment or decree for fraud upon the court." Accepting the Defendant's premise and use of negative implication, this rule would <u>limit</u> the power of a court to set aside a final <u>order</u> for fraud upon the court: an absurd result because there is no reason for the drafters to treat fraud in procuring final orders any less seriously than fraud in procuring final judgments and decrees. In addition, the authors' comment notes that Rule 1.540 does not apply to "interlocutory judgments," an expression that makes sense only if "judgment" also refers to "order" in contravention to the Defendant's interpretation.

This understanding of Rule 1.540 is deeply embedded in decades of case law. This year, the Supreme Court indicated, albeit in a very short opinion, that the term "judgment" as used in the Rule included the term "order." <u>Francois v. Brinkmann</u>, 2016 WL 634609 (Fla. 2016) ("The petition for writ of prohibition is hereby denied. Our decision is without prejudice to either party moving in the circuit court to vacate the circuit court's January 6, 2016, order. <u>See</u> Fla. R. Civ. P. 1.540(b)(4).") (citation omitted).

As recently as 2014, this court held that "judgment" included final "order" for purposes of Rule 1.540(b)(4). In <u>Courtney v. Catalina, Ltd.</u>, 130 So. 3d 739, 740 (Fla. 3d DCA 2014), we reversed a trial court order that failed to grant a motion under rule 1.540(b)(4) to set aside an order of dismissal for lack of

8

prosecution "because it is undisputed in the record that he did not receive either the notice of inactivity or the <u>final order</u> of dismissal." (emphasis added). Thus, in direct conflict to the Defendant's argument, this Court has held that the term "judgment" as used in Rule 1.540(b)(4) included final "orders."

This reasoning is not new. In 1998, this court held that the term "judgment," as specifically used in Rule 1.540(b)(4), included final "orders." <u>Dep't of Revenue v. Thurmond</u>, 721 So. 2d 827, 828 (Fla. 3d DCA 1998). In <u>Thurmond</u>, we reversed a trial court that declined to vacate a final order dismissing a case because the Department of Revenue failed to appear for a "final hearing and/or status conference" when the uncontested record reflected the Department was given no notice of the hearing. <u>Id.</u> Failure to grant the Department's motion, which was filed under Rule 1.540(b)(4), was error because "[t]he passage of time cannot make valid that which has always been void." <u>Id.</u> (quotation and citation omitted). After discussing void "judgments," this Court held "we conclude that the lower court abused its discretion when it denied the state's motion seeking to vacate the <u>order of dismissal</u>." <u>Id.</u> (emphasis added).

In fact, this Court has consistently so ruled. <u>See</u> <u>U.S. Bank Nat'l Ass'n v. Proenza</u>, 157 So. 3d 1075, 1076 (Fla. 3d DCA 2015) (holding the term "judgment" as used in Rule 1.540(b)(4) included final "orders"); <u>Falkner v. Amerifirst Fed. Sav. & Loan Ass'n</u>, 489 So. 2d 758, 759 (Fla. 3d DCA 1986)

9

(reversing an order denying a motion to vacate "orders" of dismissal under rule 1.540(b)(4)).

The First and Fourth Districts have similarly held that the term "judgment" as used in Rule 1.540(b)(4) includes final orders. Cheshire v. Wells Fargo Bank, N.A., 175 So. 3d 886, 887 (Fla. 1st DCA 2015) (reversing an order denying a motion to vacate an order dismissing counterclaims with prejudice under Rule 1.540(b)(4) and remanding for the limited purpose of determining whether the order dismissing the counterclaims was void because it was entered simultaneously with the trial judge's recusal order); Garcia v. Stewart, 906 So. 2d 1117, 1123 (Fla. 4th DCA 2005) (granting Rule 1.540(b)(4) relief on an "order" that disbursed surplus funds generated by a foreclosure sale and explaining that a "void final order or judgment may be attacked under rule 1.540(b)").[4]

---

[4] Not surprisingly, Florida Statutes often use the terms final "judgment," "decree," and "order" interchangeably for procedural matters, see, e.g., § 55.502(1), Florida Statutes (2016) ("'[F]oreign judgment' means a judgment, decree, or order of a court of any other state. . . ."), as do the federal rules. The federal rules of civil procedure define "judgment" as "a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). With this in mind, federal courts often enter "judgments of dismissal [of the case] without prejudice." Ford v. Shinseki, 538 F. App'x 803, 804 (9th Cir. 2013) (affirming "judgment of dismissal without prejudice" because veterans claims could only be heard by Court of Appeals for Veterans Claims); Brown v. Crum, 210 F.3d 367 (5th Cir. 2000) (affirming "judgment dismissing the complaint without prejudice" because plaintiff failed to exhaust administrative remedies); Berry v. Gen. Motors Corp., 848 F.2d 188 (6th Cir. 1988) (affirming "the judgment of dismissal without prejudice" for failure to allege grounds establishing subject matter jurisdiction).

At bottom, the flaw in the Defendant's argument is that it interprets Rule 1.540 without considering context. It treats Rule 1.540 as an isolated regulation with no past, no future, no purpose, and no relation to the body of law of which it is a part. But context matters. Justice Antonin Scalia, the preeminent jurist in the field of textual interpretation wrote, "words are given meaning by their context." Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 56 (2012).

We cannot end this analysis without considering the unfortunate consequences that would result from the adoption of the Defendant's argument. Due process requires some mechanism to set aside void final orders. After all, "by definition a void order is a nullity." McMurrer v. Marion Cty., 936 So. 2d 19, 21 (Fla. 5th DCA 2006) (citation and quotation omitted). See also Synchron, Inc. v. Kogan, 757 So. 2d 564, 566 (Fla. 2d DCA 2000) ("[I]t is not contempt to disobey a void order.") (citation and quotation omitted). Currently, Rule 1.540(b)(4) provides a just, speedy, and inexpensive method to place the factual issues that arise from a claim that an order is void in front of the judge who entered the order. If adopted, the Defendant's argument would eliminate this useful mechanism to address void orders. The Defendant's position ultimately serves to complicate, prolong, and increase the expense of setting aside a void matter, which the law already recognizes as a nullity.

11

Moreover, if the term "judgment" does not include final "orders" for purposes of Rule 1.540(b)(4), it necessarily follows that the term "judgment" does not include final "orders" for purposes of Rule 1.530, either. This means that Rule 1.530 would no longer be available as a just, speedy, and inexpensive vehicle to bring errors in final orders to the attention of the trial judge, contrary to well-established law. See, e.g., Capone, 116 So. 3d at 372 ("[Rule 1.530] has been consistently construed to authorize rehearings of orders and judgments which are final in nature").

And if this were not enough, adopting the Defendant's argument would ultimately upend the long line of cases holding that the filing of a motion for rehearing of a final order tolls the rendition of the final order for purposes of timely filing an appeal. See id. A new cottage industry would emerge of litigation focused purely on drawing an imaginary line in procedure between final judgments and final orders, because this legal fiction would control whether a matter could be reheard under Rule 1.530 or a void matter could be set aside under Rule 1.540.

In this way, adopting the Defendant's argument would set off a series of legal changes that would reverse much of the procedural streamlining accomplished in the last half century. It would trap many unwary lawyers, delay correction of errors in final orders, and clog the appellate courts.

We do not have to drive off this cliff. A judge is not required to check his or her common sense in the robing room. Justice Scalia explained that the canon of statutory interpretation that requires related statutes to be read together is "based upon a realistic assessment of what the legislature ought to have meant. It rests on two sound principles: (1) that the body of the law should make sense, and (2) that it is the responsibility of the courts, within the permissible meanings of the text, to make it so." Scalia & Garner, supra at 252. The requirement that we interpret texts in a manner that causes the body of law to make sense applies with particular force where we are interpreting the Rules of Civil Procedure, which are designed to function as a consistent and coherent whole.

Indeed, the Rules themselves mandate that they "shall be construed to secure the just, speedy, and inexpensive determination of every action." Fla. R. Civ. P. 1.010. As we have previously held, the "rules of procedure essential to administer justice should never be permitted to become so technical, fossilized and antiquated that they obscure the justice of the cause and lead to results that bring its administration into disrepute." Sundell v. State, 354 So. 2d 409, 410 (Fla. 3d DCA 1978) (citing In re Estate of Gottschalk, 196 So. 844 (Fla. 1940)). As appellate judges, we have the responsibility to avoid the many unfortunate, unintended, and negative results that follow from adopting the Defendant's argument where, as here, the language of the Rule, understood in context, allows us to do so.

13

**REFERRAL TO RULES COMMITTEE**

As provided in Florida Rule of Judicial Administration 2.140(a), we direct the Clerk of the Court to mail a copy of this opinion to the Clerk of the Florida Supreme Court for referral to the Civil Procedure Rules Committee to consider whether the language of the Rules would be made more clear and simple by adding a definition modeled after Florida Rule of Appellate Procedure 9.020(f), Florida Rule of Judicial Procedure 2.430(2), or Federal Rule of Civil Procedure 54(a). While Rule 1.540(b)(4) should be preserved as a just, speedy, and inexpensive vehicle to set aside final orders that are void, updating the Rules will cause no harm and may eliminate potential confusion as increasingly fewer lawyers and judges remember the effects of the merger of law and equity in procedure.

**CONCLUSION**

The Defendant's argument is based on the mistaken premise that there exists a difference between a final "judgment," final "decree," and final "order" in procedural law. Any such difference, however, was collapsed long ago when equity was merged with law for purposes of procedure, as the rules themselves expressly recognize. Adopting the Defendant's argument would require us to overrule decades of case law and will cause confusion, delay, and unnecessary expense to courts and litigants.

Affirmed.

SUAREZ, C.J., and WELLS, SHEPHERD, and FERNANDEZ, JJ., concur.

ROTHENBERG, J., concurs in the result. See Laytner v. Humble Oil and Refining Co., 262 So. 2d 675 (Fla. 1972); Reyes v. Aqua Life Corp., No. 3D15-2304 (Fla. 3d DCA Dec. 14, 2016).

LAGOA, J., concurs in the result. See Laytner v. Humble Oil and Refining Co., 262 So. 2d 675 (Fla. 1972).

**De La Osa v. Wells Fargo Bank, N.A.**
**3D14-1455**

SCALES, J. (dissenting)

I respectfully dissent. The language of rule 1.540(b)(4) of the Florida Rules of Civil Procedure is clear and unambiguous. In the absence of ambiguity or of other doubt as to meaning, I would not apply this Court's interpretive power of statutory construction to create a new definition for the term "judgment or decree" in rule 1.540(b)(4). I concur, however, in the *en banc* majority's referral of this matter to the Florida Bar's Civil Procedure Rules Committee.

**I. Facts**

It is telling that the majority opinion scuttles over the facts as if they were hot coals. See majority opinion at 1. The facts reveal a litigant – the Bank – who was neither attentive to its own case nor diligent in the simplest matters of pursuing it. While I vigorously agree that due process requires fair notice, I view the Bank as bearing a good measure of responsibility for the muddle here. But for virtually abandoning its case, the Bank would have discovered the clerical error at

15

the heart of the notice problem and timely moved to vacate the subject order under rule 1.540(b)(1). In my view, this case is simply not one that warrants a judicial rewrite of rule 1.540(b).

In 2008, the Bank filed a foreclosure action against De La Osa, seeking to foreclose on De La Osa's condominium, located in Miami-Dade County. On May 19, 2011, the trial court entered an order dismissing the Bank's case without prejudice because the Bank failed to appear at the trial scheduled for that day (the "2011 Dismissal Order").

On July 19, 2013, more than two years later and more than five years after filing its complaint, the Bank, citing rule 1.540(b)(4), filed a motion seeking to vacate the trial court's 2011 Dismissal Order. The Bank appears to have lost track of its case and, faced with a potential statute of limitations issue, it sought relief through the procedural mechanism of rule 1.540. The Bank argued in its rule 1.540 motion that the trial court's 2011 Dismissal Order was void because the Bank never received notice of the trial.

On July 24, 2013, the trial court entered an order vacating its 2011 Dismissal Order (the "2013 Vacatur Order"), and on January 30, 2014, the trial court entered an order setting the Bank's case for trial on March 14, 2014. On that date, the trial court entered a final judgment of foreclosure against De La Osa.[5]

_____

[5] While not relevant to the issue on appeal, other than for the irony, I note that: (1) the certificate of service attached to the Bank's rule 1.540 motion did not include

16

De La Osa, through counsel, filed his Verified Motion to Vacate Order Vacating Dismissal and all Subsequent Orders ("De La Osa's Motion"), seeking to have the trial court vacate its 2013 Vacatur Order, which had vacated the trial court's 2011 Dismissal Order. De La Osa's Motion sought to have all orders entered after the 2011 dismissal similarly vacated. De La Osa argued that the trial court lost jurisdiction over the case after it entered the 2011 Dismissal Order, and therefore lacked subject matter jurisdiction to enter the 2013 Vacatur Order more than two years later.[6]

De La Osa appealed the trial court's May 16, 2014 order denying De La Osa's Motion, and a unanimous panel of this Court reversed the trial court's order. De La Osa v. Wells Fargo Bank, N.A., No. 3D14-1455 (Fla. 3d DCA Feb. 10, 2016). Noting that rule 1.540(b) provides extremely limited grounds for a trial court to revisit a final order, the panel determined that the clear and unambiguous language of rule 1.540(b)(4) applied only to "judgments and decrees," and the 2013 Vacatur Order was neither a "judgment" nor a "decree." Id.

---

De La Osa's counsel; (2) De La Osa was not served with the 2013 Vacatur Order or the order setting the Bank's case for trial; and (3) De La Osa was not served with the final judgment of foreclosure.

[6] De La Osa did not make the alternate argument that the March 14, 2014 Final Judgment against him is void because he was not made aware of the post-dismissal proceeding that resulted in the Final Judgment.

## II. Analysis

While the *en banc* majority opinion quashing the panel ruling is well reasoned and produces a logical result, it most assuredly rewrites rule 1.540(b).[7] While such a rewrite might be in order, I prefer the formal rule-drafting process over the adjudicatory version of rule-writing employed by the majority.

Rule 1.540(b) reads in its entirety, as follows:

**(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a *final judgment, decree, order, or proceeding* for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) that the *judgment or decree* is void; or (5) that the *judgment or decree* has been satisfied, released, or discharged, or a prior judgment or decree upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or decree should have prospective application. *The motion shall be filed within a reasonable time, and for reasons (1), (2), and (3) not more than 1 year after the judgment, decree, order, or proceeding was entered or taken.* A motion under this subdivision does not affect the finality of a judgment or decree or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a

---

[7] The *en banc* majority opinion has overturned a panel opinion that was based on a textual analysis of rule 1.540(b). Perhaps to soothe its conscience, the majority twice refers to the late Justice Antonin Scalia as if to ask, "What would Scalia do?" See majority opinion at 11, 12-13. My response is that Justice Scalia would not judicially rewrite an unambiguous rule. "That is of course quite absurd . . . ." King v. Burwell, 135 S. Ct. 2480, 2496 (2015) (Scalia dissenting) (rejecting majority's determination that the term "exchanges established by the State" includes exchanges established by the Federal government).

party from a judgment, decree, order, or proceeding or to set aside a judgment or decree for fraud upon the court.

Fla. R. Civ. P. 1.540 (emphases added).

A. *Rule 1.540(b)(4) Applies Only to Judgments and Decrees, Not to Orders*

Pursuant to the express language of subsections (4) or (5), relief under these subsections is limited to a "judgment or decree." Nothing in subsections (4) or (5) indicates that these subsections provide jurisdiction to a movant seeking relief from an "order" or a "proceeding."

The language in subsections (4) and (5) is clear and unambiguous. In my view, while we may question whether a party who is the victim of a void order is any less deserving of relief than a victim of a void judgment or decree, we are constrained by the rules of statutory construction to give the rule's language its plain meaning. Fla. Dep't of Transp. v. Clipper Bay Invs., LLC, 160 So. 3d 858, 862 (Fla. 2015); Barco v. Sch. Bd. of Pinellas Cty., 975 So. 2d 1116, 1121-22 (Fla. 2008) (applying the principles of statutory construction to the Florida Rules of Civil Procedure). Indeed, rule 1.540(b)'s language is resistant to the canon of statutory construction employed by the majority to achieve a result that seems more harmonious with other case decisions. Wright v. City of Miami Gardens, 200 So. 3d 765, 771 (Fla. 2016) ("Because this language is clear and unambiguous, there is no basis or authority to apply rules of construction.") (citation omitted).

I submit that rule 1.540(b)(4) provides a trial court a limited jurisdictional basis to grant relief from only "judgments" and "decrees" previously entered by the trial court.

B. *The 2011 Dismissal Order is Not a Judgment*

Because rule 1.540(b)(4) is available to revisit only "judgments or decrees," it is necessary to determine whether the 2011 Dismissal Order is a "judgment or decree" for the purpose of rule 1.540(b) relief.

Unlike the Rules of Appellate Procedure – which expressly and broadly define the word "order"[8] – and unlike the Federal Rules of Civil Procedure – which expressly define the word "judgment" to include "any order from which an appeal lies"[9] – Florida's Rules of Civil Procedure do not supply definitions for the identified acts of finality – "judgment," "decree," "order," and "proceeding" – from which a party may seek relief under rule 1.540(b).

Where the words used in a rule or statute are not defined, we should apply the plain and ordinary meaning to those words. Greenfield v. Daniels, 51 So. 3d 421, 425 (Fla. 2010). In giving plain and ordinary meanings to "judgment," "decree," "order" and "proceeding," we should recognize that these words have distinct meanings from one another.

---

[8] "Order. A decision, order, judgment, decree, or rule of a lower tribunal, excluding minutes and minute book entries." Fla. R. App. P. 9.020(f).

[9] Fed. R. Civ. P. 54(a).

In other words, notwithstanding the majority's historical references to the merger of law and equity (see majority opinion at 4, 6), if the drafters of rule 1.540(b)(4) had intended for the word "judgment" to encompass the meaning of the word "order," the drafters would not have enlisted each word for separate duty in the sentence. Similarly, had the drafters intended for "judgment" to include all final orders, it certainly had available the Federal rules template that expressly defines the word "judgment" to include all such orders. For whatever reason,[10] the drafters chose not to employ the definitional scheme of either the Federal or appellate rules and we should not fix the omission through decisional law. Limbaugh v. State, 887 So. 2d 387, 395 (Fla. 4th DCA 2004) ("Judges are not meant to be fixers of statutory omissions and have no authority to fill statutory voids or enlarge the domain of statutes already adopted . . . . This means that

---

[10] One could speculate as to why the drafters chose not to include "orders" within rule 1.540(b)(4)'s purview: the value of finality in litigation. A challenge to a sanction order (such as the 2011 Dismissal Order) that merely has dismissed a party's case without prejudice – and that has adjudicated absolutely nothing – should be brought within one year. Similarly, one could speculate that the drafters of rule 1.540(b)(5), which allows relief from satisfied judgments and decrees, limited the purview of this rule to "judgment or decree" because it is unclear how one would "satisfy" an order dismissing a case without prejudice. My point is that the formal rule-drafting process, as opposed to the majority's adjudicatory rule-writing, is better equipped to solicit input from all potential stakeholders and to forestall unintended consequences. While only the parties who have a stake in this case's outcome have briefed this issue, formal rule-drafting provides a more thorough and objective approach to crafting the rules governing all parties to Florida civil litigation.

21

Judges are not free to reconstruct statutes dealing only with subpoenas and extend them to cover search warrants as well.") (citation omitted).

A judgment is a final adjudication of the merits of an action. <u>Makar v. Inv'rs Real Estate Mgmt.</u>, 553 So. 2d 298, 299 (Fla. 1st DCA 1989). A decree is a judgment in an equitable action. <u>See</u> <u>Nichols v. Bodenwein</u>, 146 So. 86, 93 (Fla. 1932). An order is a command, direction or instruction delivered by the trial court. *Order,* BLACK'S LAW DICTIONARY (10th ed. 2014). A proceeding generally encompasses certain other acts of litigation finality, such as a party's voluntary dismissal. <u>See</u> <u>Pino v. Bank of New York</u>, 121 So. 3d 23, 29 (Fla. 2013).

To be clear, while the 2011 Dismissal Order might have been a final, appealable order, this factor does not convert the 2011 Dismissal Order into a "judgment" for rule 1.540(b) purposes. The 2011 Dismissal Order did not adjudicate with finality any issue in the Bank's foreclosure action against De La Osa; it simply dismissed the Bank's claims without prejudice as a sanction for the Bank not showing for trial. Therefore, for the purposes of rule 1.540(b), the 2011 Dismissal Order was an "order," not a "judgment," "decree" or "proceeding."

Because the 2011 Dismissal Order is an "order," by the express terms of rule 1.540(b), the trial court's subject matter jurisdiction to revisit the 2011 Dismissal Order existed only pursuant to rule 1.540(b)(1),(2), or (3); and also, pursuant to the

22

express terms of rule 1.540, any motion seeking relief under subsections (1), (2) or (3) must have been brought within one year of entry of the 2011 Dismissal Order.

The 2011 Dismissal Order was entered on May 19, 2011; the Bank's motion to vacate the 2011 Dismissal Order was filed on July 19, 2013, well beyond the one year authorized by rule 1.540(b).[11] Consequently, because rule 1.540(b)(4) did not provide the trial court jurisdiction to revisit and vacate the 2011 Dismissal Order, I must conclude that the 2013 Vacation Order and all proceedings thereafter, including the March 14, 2014 Final Judgment, are void.

C. *Only Orders That Are the Functional Equivalent of Judgments Should Be Treated as "Judgments"*

The majority opinion identifies four decisions of this Court in which this Court treated orders of dismissal as "judgments" for the purposes of rule 1.540(b)(4). See U.S. Bank Nat'l Ass'n v. Proenza, 157 So. 3d 1075 (Fla. 3d DCA 2015); Courtney v. Catalina, Ltd., 130 So. 3d 739 (Fla. 3d DCA 2014); Dep't of Revenue v. Thurmond, 721 So. 2d 827 (Fla. 3d DCA 1998); Falkner v. AmeriFirst

---

[11] I note that rule 1.540 is substantially modeled on rule 60 of the Federal Rules of Civil Procedure. Federal rule 60(b)(6) – which has no corollary in rule 1.540(b) – provides a mechanism for a trial court to relieve a party from a final judgment, order or proceeding for "any other reason that justifies relief." While motions made pursuant to rule 60(b)(6) must be filed "within a reasonable time," the one-year time limit of Federal rule 60(c)(1) does not apply to motions made pursuant to rule 60(b)(6).

Fed. Sav. & Loan Ass'n, 489 So. 2d 758 (Fla. 3d DCA 1986).[12] See majority opinion at 8-10.

It bears noting, though, that this Court and others have been careful to *differentiate* a judgment from a final order, rather than to merge them. In Do v. GEICO General Insurance Co., 137 So. 3d 1039, 1044-45 (Fla. 3d DCA 2014), this Court had the opportunity to construe precisely the same term found in rule 1.540(b)(4) – "judgment or decree" – and expressly declined the invitation to construe a dismissal order as a judgment.

Specifically, in Do, an insured filed a declaratory judgment action against his automobile insurer and the insurer filed a counterclaim. Eventually, after the insurer paid the loss, the trial court dismissed the insurer's counterclaim for lack of prosecution. Id. at 1042. The insured then sought recovery of his attorney's fees for having to defend against the insurer's counterclaim. The insured's motion for attorney's fees was brought pursuant to section 627.428(1) of the Florida Statutes, which reads, in relevant part, as follows:

---

[12] The majority opinion identifies decisions of the First and Fourth Districts that also use the term "judgment" to include final orders: Cheshire v. Wells Fargo Bank, N.A., 175 So. 3d 886 (Fla. 1st DCA 2015) and Garcia v. Stewart, 906 So. 2d 1117 (Fla. 4th DCA 2005), respectively. While I agree that the panel opinion in this case might have conflicted implicitly with the holdings of the cases cited by the majority, *none* of these cases specifically addressed De La Osa's jurisdictional argument that an order dismissing a case without prejudice could not be reviewed several years later via a rule 1.540(b)(4) motion. In none of the allegedly conflicting cases does it appear that the issue addressed in this case was raised, much less adjudicated.

> (1) Upon the rendition of a *judgment or decree* by any of the courts of this state against an insurer and in favor of any . . . insured . . . the trial court . . . shall adjudge or decree against the insurer and in favor of the insured . . . a reasonable sum as fees . . . for the insured's . . . attorney prosecuting the suit in which the recovery is had.

Id. at 1042 (emphasis added).

We affirmed the trial court's denial of the insured's motion seeking fees, holding that the trial court's order dismissing the insurer's counterclaim was not a "determination on the merits," and therefore did not constitute a "judgment in favor of the insured" entitling the insured to fees under the statute. Id. at 1044. This holding was entirely consistent with this Court's holding in O.A.G. Corp. v. Britamco Underwriters, Inc., 707 So. 2d 785, 787 (Fla. 3d DCA 1998) *abrogated on other grounds by* Caufield v. Cantele, 837 So. 2d 371 (Fla. 2002), in which we held that an insurer's voluntary dismissal did not constitute an adjudication on the merits and, therefore, did not entitle the prevailing insured to fees under section 627.428(1). See also Guarantee Ins. Co. v. Worker's Temp. Staffing, Inc., 61 So. 3d 1233, 1235 (Fla. 5th DCA 2011) (an insurer's voluntary dismissal without prejudice is not a judgment or its functional equivalent so to entitle insured to fees under section 627.428(1)).

In each of these cases, the issue before the court was the same as the issue before the Court in this case: whether the dismissal order should be treated as a judgment. In each case, the district courts, following the directive of the Florida

25

Supreme Court in <u>Wollard v. Lloyd's & Cos. of Lloyd's</u>, 439 So. 2d 217 (Fla. 1983), resolved the question by inquiring whether the dismissal was the functional equivalent of a judgment. The panel decision sought to resolve the issue using this approach. <u>De La Osa v. Wells Fargo Bank, N.A.</u>, No. 3D14-1455 (Fla. 3d DCA Feb. 10, 2016).

The majority rejects this approach, preferring to rewrite the rule. The majority declares that a trial court's dismissal order should be considered a judgment "at least for procedural purposes." <u>See</u> majority opinion at 4. In my view, it seems unworkable that precisely the same term – "judgment or decree" – has such a vastly different meaning depending on whether one is reading a statute or a rule. In my estimation, a more reasoned approach to determining whether an order should be treated as a "judgment" is to follow the approach established by <u>Wollard</u> and its progeny, at least until a formal rulemaking process can be convened.[13]

The majority opinion refers the matter raised in this case to the Florida Bar's standing committee on the Rules of Civil Procedure. <u>See</u> majority opinion at 13-14. I agree, and hope the committee will accept the referral. Formal rulemaking

---

[13] Rule 2.140 of the Florida Rules of Judicial Administration outlines the formal process for amending the Florida Rules of Civil Procedure. The process includes input and deliberation by the Florida Bar's Civil Procedure Rules Committee after notice and plenty of opportunity for that input. Ultimately, proposed rule changes are considered by the Florida Supreme Court, after published notice and, if desired by the Court, oral argument. <u>See</u> section II G.3., Fla. Sup. Ct. Manual of Internal Operating Procedures.

brings precision and clarity, and strives to avoid the inconsistencies highlighted by this case. I do not agree, however, with the majority's effort at adjudicatory rulemaking. I would reverse the trial court's Final Judgment and either would recede from any earlier cases to the limited extent they might impliedly conflict with the analysis in this dissent, or would distinguish those cases, each on its appropriate basis, rather than rewrite the rule to make synonyms of "judgment" and "order."

SALTER and EMAS, JJ., concur.