# Third District Court of Appeal

## State of Florida

Opinion filed February 10, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2522
Consolidated:  3D15-2346
Lower Tribunal No. 14-419-K
_____


**Celia Morris, et al.,**
Appellants,

vs.

**Omar Garcia,**
Appellee.


Appeals from the Circuit Court for Monroe County, Mark H. Jones, Judge.

Lindsey M. Tenberg (Lighthouse Point); Horan, Wallace & Higgins, LLP, and David Paul Horan (Key West), for appellants.

Franklin D. Greenman (Marathon), for appellee.


Before SHEPHERD, LAGOA and EMAS, JJ.

SHEPHERD, J.

**Order on Motion to Dismiss**

This is an appeal by seven individuals and one limited liability company from an order which grants a petition for the partition of a piece of real property known as the "Beach Area & Access Canal," reserving ruling on "the precise terms and conditions of the sale and each party's interest in the proceeds." The order also finds unmeritorious the appellants' counterclaim that asserts they nevertheless should retain a non-exclusive perpetual easement in the property after the sale. The need to partition the property is not seriously contested. The central issue on appeal is whether the trial court correctly denied the appellant's counterclaim. Although not binding on us, the trial court advised the parties that "[t]his trial order does not constitute a final judgment because further proceedings must be conducted." The trial judge's advice is correct.

Applying the traditional test that an order becomes final when "no further action will be necessary," see Caufield v. Cantele, 837 So. 2d 371, 375 (Fla. 2002), we conclude the partition order will not become final until such time as the court directs the sale of the property. Camp Phosphate Co. v. Anderson, 37 So. 722, 726 (Fla. 1904) (holding that a verdict which decides the right of the property at issue is considered final when an order directs the sale of land "'**and** the complainant is entitled to have such [verdict] carried **immediately** into execution'") (emphasis added) (citation omitted); see also Winburn v. Lemings, 813 So. 2d 289 (Fla. 1st

DCA 2002) (finding that a judgment ordering partition of land was "not a final appealable order").

The appellants argue to the contrary that the counterclaim seeking a non-exclusive perpetual easement over the property is a "distinct and severable" cause of action and therefore appealable.  See  Szewczyk v. Bayshore Props., 456 So. 2d 1294, 1295-96 (Fla. 2d DCA 1984) (finding "'the crucial determination on appellees' motion to dismiss [was] whether the… order adjudicated a 'distinct and severable' cause of action or whether it was 'interrelated' and involved 'the same transaction' as that which the court disposed of in the final judgment").  The appellees argue that the partition issue and easement issue are "interrelated" in this case, in part, because the attractiveness of the "Beach Area & Canal" property at a public auction, and hence its bid value, can be reasonably anticipated to be dependent upon the status of title of the property at the time.  We agree with the appellees on this point.

Appeals dismissed.