# Third District Court of Appeal

## State of Florida

Opinion filed December 27, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1382
Lower Tribunal No. 14-22854
_____

**Vicken Bedoyan and WPM Miami, Inc.,**
Petitioners,

vs.

**Harout Samra,**
Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Gunster, and Angel A. Cortiñas and Jonathan H. Kaskel, for petitioners.

Bilzin Sumberg Baena Price & Axelrod LLP, and Jose M. Ferrer and Desiree Fernandez, for respondent.

Before SUAREZ, LOGUE and SCALES, JJ.

SCALES, J.

In this petition for writ of certiorari, Vicken Bedoyan and WPM Miami, Inc.,

co-defendants below, argue that the trial court departed from the essential

requirements of the law in denying their motion for directed verdict and renewed motion for directed verdict, where the jury entered a verdict in favor of Harout Samra, the plaintiff below, on liability at a bifurcated trial.[1]  In light of the jury verdict, and with a trial on damages pending, Samra propounded discovery requests that the petitioners argue seek information and communications that are protected by the accountant-client privilege.[2,3]  Because the petitioners have not demonstrated irreparable harm that cannot be remedied in a plenary appeal following the trial on damages, we lack jurisdiction to hear, and therefore dismiss, the instant petition. See Parkway Bank v. Fort Myers Armature Works, Inc., 658 So. 2d 646, 649 (Fla. 2d DCA 1995) (recognizing that "a petitioner must establish

---

[1] In the liability portion of the case, the jury returned a verdict in favor of Samra finding that: (i) Samra and Bedoyan had formed a partnership in 2009; (ii) Bedoyan had breached the partnership agreement; and (iii) WPM Miami, Inc. was a partnership asset.

[2] Samra initially also sought communications that the petitioners argue are protected by the attorney-client privilege.  Samra has since agreed not to seek any attorney-client communications as part of his discovery efforts.  Therefore, only the accountant-client privilege is at issue here.

[3] It bears noting that, after the jury's verdict on liability, Bedoyan and WPM Miami, Inc. produced several hundred pages of documents from the accountant's file which, pursuant to the parties' agreed confidentiality order, may be viewed only by Samra's counsel and experts and no one else.  In our view, the provisions of this agreed confidentiality order adequately protect the petitioners from the "cat out of the bag" discovery that the petitioners argue exposes them to irreparable harm. See, e.g., Bestechnologies, Inc. v. Trident Envtl. Sys., Inc., 681 So. 2d 1175, 1177 (Fla. 2d DCA 1996) (denying certiorari when the trial court has, in the appellate court's view, taken reasonable steps to preserve confidentiality).

that an interlocutory order creates material harm irreparable by postjudgment appeal before this court has power to determine whether the order departs from the essential requirements of the law").[4]

Petition for writ of certiorari dismissed.

---

[4] We express no opinion as to the merits of the petitioners' claims that the trial court erred in denying their motion for directed verdict and renewed motion for directed verdict.