# Third District Court of Appeal

## State of Florida

Opinion filed October 31, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-516
Lower Tribunal No. 09-127-P
_____

## Christopher G. Venezia,
Appellant,

vs.

## Wells Fargo Bank, etc.,
Appellee.

An Appeal from a non-final order from the Circuit Court for Monroe County, Luis M. Garcia, Judge.

TP Murphy's Law, P.A., and Thomas P. Murphy; Jay M. Levy, P.A., and Jay M. Levy, for appellant.

Weitz & Schwartz, P.A., and Sarah T. Weitz (Fort Lauderdale), for appellee.

Before LAGOA, LOGUE and SCALES, JJ.

SCALES, J.

Appellant, defendant below, Christopher Venezia, challenges a February 21, 2018 trial court order scheduling a foreclosure sale. The trial court scheduled the

foreclosure sale pursuant to a final foreclosure judgment entered by the trial court on September 19, 2012, which was affirmed by this Court in Venezia v. Wells Fargo Bank, N.A., 133 So. 3d 941 (Fla. 3d DCA 2014) (table). Because we lack jurisdiction to review the trial court's non-final, non-appealable order scheduling a foreclosure sale, we dismiss the appeal and we deny Venezia's alternate request that we treat his appeal as a petition for certiorari review.

**I. Relevant Facts and Procedural Background**

In 2005, Venezia executed a mortgage in favor of Wells Fargo's predecessor, Banker Mortgage Trust, Inc., to secure a promissory note. The mortgage encumbered one lot in Plantation Key, an unincorporated area of Monroe County. Sometime in 2006, Venezia, who also owned an adjoining lot not encumbered by the mortgage, and without the joinder of the mortgagee, recorded a unity of title document with Monroe County, effectively combining the two lots.

While not entirely clear from the record, it appears that Venezia then constructed a home on the unified lot. Sometime thereafter, Venezia defaulted on the note's repayment terms, and Wells Fargo (which had been assigned the note and mortgage) brought a foreclosure action against Venezia in 2009, seeking to foreclose on the property secured by its mortgage. Despite the unity of title document having been of record at the time Wells Fargo filed its complaint, Wells Fargo's foreclosure action did not seek to vacate the unity of title.

Instead, the record reflects that, despite being aware of the unity of title, Wells Fargo nevertheless obtained its final judgment foreclosing only on the property encumbered by its 2005 mortgage. This judgment was affirmed by this Court on appeal. Id.

Several years later, Wells Fargo sought to vacate its own final judgment by filing a Florida Rule of Civil Procedure 1.540(b)(5) motion, which the trial court denied.[1] Wells Fargo did not appeal the trial court's denial of its rule 1.540(b) motion. Several years later, the trial court then entered the challenged order, setting a foreclosure sale for the encumbered property only.

Venezia filed a notice of appeal with this Court characterizing the trial court's order as a non-final order "affecting possession of real property," which we would have jurisdiction to review pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii).[2] Wells Fargo filed a motion to dismiss Venezia's appeal, arguing that the trial court's order scheduling the foreclosure sale is a non-final,

---

[1] In its rule 1.540(b) motion, Wells Fargo alleged that, based on "new evidence" (presumably the unity of title), Wells Fargo was entitled to have its judgment vacated so it could file an amended foreclosure action to foreclose on the entire parcel, rather than on only the property encumbered by its mortgage. The trial court rejected this argument, specifically finding that Wells Fargo was well aware of Venezia's unity of title filing several years before bringing its rule 1.540(b)(5) motion.

[2] In pertinent part, rule 9.130(a)(3)(C)(ii) provides: "Appeals to the district courts of appeal of non-final orders are limited to those that . . . determine . . . the right to immediate possession of property . . . ."

non-appealable order, citing to <u>Pridgen v. First Union Bank</u>, 879 So. 2d 21 (Fla. 2d DCA 2004). Venezia responded by asserting that, even if the order is non-appealable, given the unique facts and circumstances of this case, the trial court's order departs from the essential requirements of law causing irreparable harm, and therefore, we should treat his appeal as a petition seeking certiorari relief. A separate panel determined that Wells Fargo's motion should be "carried with the case" (i.e., determined by the merits panel after further merits briefing).

## II. Analysis and Conclusion

At the outset, we agree with the Second District that the subject order, merely scheduling a foreclosure sale pursuant to a valid final foreclosure judgment, "is a purely administrative, interlocutory step in the judicial sales process," and therefore, is neither an appealable final order under Florida Rule of Appellate Procedure 9.110, nor an appealable, non-final order under rule 9.130. <u>Id.</u> at 21.

Furthermore, we are unpersuaded by Venezia's arguments that the unique circumstances of this case somehow warrant certiorari review.[3] No doubt, as conceded by both Wells Fargo and Venezia, a successful purchaser at the scheduled foreclosure sale may encounter a host of unique challenges. Such

---

[3] Venezia's principal argument is that a foreclosure sale of the property encumbered by the 2005 mortgage is impossible because the lot identified in the mortgage – the property subject to the foreclosure sale – no longer "exists." According to Venezia, the property identified in the mortgage has been "unified" with another parcel, and neither of the pre-unity parcels have a separate existence subject to foreclosure.

4

potential challenges, though, pose no irreparable harm to Venezia. Indeed, at oral argument Venezia's counsel could identify no harm, irreparable or otherwise, that Venezia would suffer if Venezia were the successful bidder at the sale.

For harm resulting from a non-final order to be irreparable, so as to provide this Court with certiorari jurisdiction, the harm must be such that it could not be remedied on plenary appeal. Bedoyan v. Samra, 237 So. 3d 1102, 1103-04 (Fla. 3d DCA 2017); Sardinas v. Lagares, 805 So. 2d 1024, 1025 (Fla. 3d DCA 2001) ("The writ of certiorari is reserved for those situations where the order results in a material injury which cannot be corrected on appeal and departs from the essential requirements of the law."). In this case, the alleged harm – the asserted "nonexistence" of the encumbered property – existed at the time the foreclosure judgment was entered in this case. If such harm truly made the foreclosure impossible, as Venezia now argues, Venezia could have made that challenge on plenary appeal.

Additionally, the subject order merely schedules a foreclosure sale so, at this stage in the proceedings, any harm from a foreclosure sale is speculative and remote. Irreparable harm cannot be established on speculation. Mayport Hous. P'ship, Ltd. v. Albani, 244 So. 3d 1176, 1177 (Fla. 1st DCA 2018). As mentioned earlier, Venezia could be the successful buyer at the foreclosure sale, thereby eliminating any harm. Similarly, a buyer could purchase the property at the sale,

and post-sale proceedings could obviate any alleged harm. Thus, Venezia has not established that the subject order causes the type of irreparable harm that warrants certiorari jurisdiction.

Finally, with regard to certiorari review, we note that, even if Venezia somehow were able to establish the requisite necessary harm in order to invoke this Court's certiorari jurisdiction, Venezia, to be entitled to relief, would have to establish that the trial court's scheduling order constituted a departure from the essential requirements of law. Chessler v. All Am. Semiconductor, Inc., 225 So. 3d 849, 852 (Fla. 3d DCA 2016). We would be hard-pressed to conclude that the subject order – merely scheduling a foreclosure sale pursuant to a judgment *that has been affirmed on appeal* – would constitute any departure from the essential requirements of law.

In short, despite the potential challenges a foreclosure sale buyer might face at the scheduled foreclosure sale of the property identified in the judgment, the unconventional procedural history of this case does not provide a basis for this Court to exercise either appellate or certiorari jurisdiction to review the challenged order.

Appeal dismissed.