# Third District Court of Appeal

## State of Florida

Opinion filed August 11, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1302
Lower Tribunal No. 17-4334
_____

**Lisonel Perez,**
Appellant,

vs.

**Pedro A. Jaimot and Marilyn Jaimot,**
Appellees.

An appeal from the Circuit Court for Miami-Dade County, Charles K. Johnson, Judge.

Marrero, Chamizo, Marcer Law, LP and Julio C. Marrero, for appellant.

Bales Sommers & Klein, P.A. and Jason Klein and Richard M. Bales, Jr., for appellees.

Before MILLER, LOBREE, and BOKOR, JJ.

***ON MOTION TO DISMISS***

MILLER, J.

Through this appeal, appellant, Lisonel Perez, seeks review of a nonfinal order scheduling the sale of property ordered partitioned pursuant to a final judgment executed nearly eighteen months ago. Appellees, Pedro and Marilyn Jaimot, urge dismissal, contending this appeal is essentially an untimely challenge to that judgment, and no other means of review are available. Concluding we lack jurisdiction, we dismiss.

This is the third time this dispute has been before us for review. In the early part of 2020, the lower tribunal rendered a summary final judgment on a multi-count complaint and counterclaim, finding appellant and appellees each owned a fifty percent undivided interest as tenants in common in certain indivisible real property located in Homestead, Florida. The court awarded monetary damages in favor of appellees and against appellant and ordered partition by sale, appointing a special magistrate to sell the property. The magistrate was empowered to elect between conducting a private sale or public auction, as provided in section 64.071, Florida Statutes. Appellant timely appealed the judgment, but we dismissed the appeal for failure to prosecute.

A second appeal, challenging an order requiring cooperation with the special magistrate in effectuating the sale, followed on the heels of the first.

The appeal was ostensibly abandoned, as it suffered the same fate as the first. The lower court then scheduled a date for public auction, pursuant to the provisions of section 45.031, Florida Statutes, and the instant appeal ensued.

A well-developed body of precedent holds that an order of partition is final at such time as the court directs the sale of the property.[1] See Camp Phosphate Co. v. Anderson, 37 So. 722, 726 (Fla. 1904) (holding that a decree which decides the right of the property at issue is considered final when an order directs the sale of land "and the complainant is entitled to have such decree carried immediately into execution") (citation omitted); Lovett v. Lovett, 112 So. 768, 783 (Fla. 1927) ("The final decree in the present case is a decree of the court dated September 30, 1925, confirming the report of the commissioners that there could be no partition, ordering a sale of the lands, and appointing commissioners to make such sale."); Morris v. Garcia, 185 So. 3d 678, 679 (Fla. 3d DCA 2016) ("[W]e conclude the partition order will not become final until such time as the court directs the sale of the property.") (citations omitted).

Here, the contested order merely fixed a sale date. The previously appealed final judgment, however, already ordered partition, assigned the

---

[1] See Fla. R. App. P. 9.110.

title and interests of the parties in the disputed property, and directed the special magistrate to sell the property. Hence, adhering to our precedent, we conclude the prior decree was final, rendering it ripe for appellate review.

As Florida Rule of Appellate Procedure 9.110(b) requires the filing of a notice of appeal within thirty days of the rendition of a final order and the earlier appeals were long abandoned, it is axiomatic this proceeding cannot be used as a vehicle for reviving the appellate rights exercised in the earlier related appeals. See Campos v. Campos, 230 So. 3d 553, 555 (Fla. 1st DCA 2017) ("[F]ormer husband could have appealed the July 20, 2016 order denying reunification if he had done so timely; but the trial court's repeating the same ruling in the later order denying the motion to vacate cannot revive an appeal period.") (citation omitted); Caldwell v. Wal-Mart Stores, Inc., 980 So. 2d 1226, 1229 (Fla. 1st DCA 2008) ("An untimely appeal cannot be revived by obtaining a new order to the same effect as the original and then filing the notice of appeal within thirty days of the more recent order.") (citations omitted); Gen. Motors Corp. v. Strickland, 913 So. 2d 1227, 1228 (Fla. 1st DCA 2005) (dismissing appeal where "Final Judgment for Attorney Fees and Costs was a mere republication of the earlier order and did not restart the time for filing an appeal") (citation omitted).

Finally, we find no alternative mechanism for review. We have held that an order scheduling a judicial sale date is "a purely administrative, interlocutory step in the judicial sales process," thus neither constitutes an "appealable, non-final order under rule 9.130" nor rises to the level of irreparable harm required to establish the jurisdictional threshold in certiorari. Venezia v. Wells Fargo Bank, 258 So. 3d 539, 541 (Fla. 3d DCA 2018) (quoting Pridgen v. First Union Bank, 879 So. 2d 21, 21 (Fla. 2d DCA 2004)). Accordingly, we dismiss this appeal for want of jurisdiction.

Appeal dismissed.